**Neil D. MacKERRON**

v.

**Peter MADURA.**

Supreme Judicial Court of Maine.

Argued May 4, 1982.
Decided May 26, 1982.

Neil D. MacKerron, pro se (orally).

Bernstein, Shur, Sawyer & Nelson, Christopher L. Vaniotis (orally), F. Paul Frinsko, Geoffrey H. Hole, Portland, for defendant.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Plaintiff appeals from the dismissal of his complaint under M.R.Civ.P. 12(b)(6) by the Superior Court (Cumberland County). Finding that the complaint states a claim for tortious interference with an economic relationship, we sustain the appeal in part.

In June 1981 plaintiff brought suit in a single count complaint seeking damages from defendant for invasion of privacy and interference with an advantageous relationship. Defendant's answer included a motion to dismiss the complaint, and set forth as defenses that the complaint failed to state a claim upon which relief could be granted and that the entire action was barred by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980). The motion to dismiss was granted and plaintiff filed this appeal.

The factual allegations set forth in the complaint may be summarized as follows. Plaintiff, an attorney in Bridgton, was asked by Evelyn Ridlon to represent her and her son, Leslie Mercer, who had been charged with operating under the influence by defendant, Madura, a Bridgton police officer. Plaintiff entered an appearance for Mercer and wrote to arrange a meeting with him before the hearing. Ridlon reported to plaintiff that Madura had spoken to her son about plaintiff's representation and about the possibility of defendant's interceding with the court on Mercer's behalf. In a personal meeting between the parties, plaintiff chastised defendant for discussing the case with plaintiff's client, and defendant agreed not to do so again. Subsequently, defendant went to Ridlon's home, once in plain clothes and once in uniform, asking to see the letter plaintiff had written. Both times Ridlon replied that she was unable to locate the letter. A few days later plaintiff withdrew from the case at Mercer's request. Defendant had allegedly told Mercer that he would seek to have the case dismissed if plaintiff withdrew but that he could not put in a good word for Mercer with the judge as long as plaintiff represented him.

Although the order of the Superior Court does not specify the basis for the dismissal, we conclude that the court erred in dismissing plaintiff's claim for relief under a theory of interference with an advantageous relationship. Dismissal of a complaint for failure to state a claim is appro-

priate only if it appears beyond doubt that plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. In reviewing such a dismissal, therefore, we examine the complaint in the light most favorable to plaintiff to determine whether it either alleges the elements of a cause of action against defendant or states facts that could entitle him to relief on some legal theory. *Hildebrandt v. Department of Environmental Protection*, Me., 430 A.2d 561, 564 (1981); *Bramson v. Chester L. Jordan & Co.*, Me., 379 A.2d 730, 731 (1977).

*Immunity*

 Defendant argues that plaintiff was not entitled to relief on any theory because as a police officer of the Town of Bridgton defendant was immune from suit under the provisions of the Maine Tort Claims Act. The governmental immunity provided by the Act, however, is a matter of affirmative defense under M.R.Civ.P. 8(c). R. Field, V. McKusick and L. Wroth, *Maine Civil Practice* § 8.20 n.78.10 and authority cited therein (Supp.1981). As such it cannot be invoked as the grounds for dismissal of a complaint unless the complaint contains within its four corners allegations of sufficient facts to show the existence and applicability of the immunity. Section 8111(1)(c), the only applicable section of the Act, provides personal immunity from civil liability to employees of governmental entities for "[t]he performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." It is not discernible from the complaint whether the actions alleged were functions or duties of Officer Madura and if they were, whether they were discretionary. Since the complaint leaves these factual issues unresolved, immunity could not be asserted as grounds for the dismissal in this case. *See Nadeau v. City of South Portland*, Me., 424 A.2d 715, 717 n.2 (1981).

*Invasion of Privacy*

 In reviewing the dismissal of this complaint for failure to state a claim of invasion of privacy, we must determine whether plaintiff has alleged an invasion of any one of four legally protected privacy interests:

(1) the interest in physical or mental solitude or seclusion, as protected from an intrusion thereon which is intentional and yields a highly offensive result;

(2) the interest that certain kinds of facts about one's intimate person, or secrets, shall not be given public disclosure;

(3) the interest of a person not to be falsely regarded by the public, an interest which is protected against conduct that depicts a person to the public in a false light; and

(4) the interest of a person in his name or likeness, which is protected against appropriation for another's benefit or advantage.

*Equifax Services, Inc. v. Cohen*, Me., 420 A.2d 189, 200 (1980); *see also Nelson v. Maine Times*, Me., 373 A.2d 1221 (1977); *Estate of Berthiaume v. Pratt*, Me., 365 A.2d 792 (1976). The only interest even arguably implicated by the allegations of defendant's complaint is the interest in solitude or seclusion. As we have previously noted, "[t]his concept requires proof of an actual invasion of 'something secret, secluded or private pertaining to the plaintiff'." *Nelson v. Maine Times*, 373 A.2d at 1223 (quoting *Estate of Berthiaume*, 365 A.2d at 795). The complaint alleges defendant's discussions with Mercer and his visits to Ridlon's home in an unsuccessful attempt to see a letter written to her by plaintiff. None of these allegations describes an intrusion of anything private pertaining solely to plaintiff. Obviously, both Ridlon's home and the letter are within her potential sphere of privacy, not plaintiff's. Just as clearly, the attorney-client relationship is not occupied privately by the attorney. Since an interaction with the client by a third person violates no legally protected privacy interest of the attorney, no error was committed by the Superior Court in

dismissing the portion of the complaint that seeks relief for invasion of privacy.

*Interference with an Economic Relationship*

This Court has long recognized interference with an existing employment or contract relationship as an actionable tort. The law in Maine provides relief in damages "wherever a person, by means of fraud or intimidation, procures, either the breach of a contract or the discharge of a plaintiff, from an employment, which but for such wrongful interference would have continued." *Perkins v. Pendleton*, 90 Me. 166, 176, 38 A. 96, 99 (1897); *accord, Boston Cas. Co. v. Bath Iron Works Corp.*, 136 F.2d 31 (1st Cir. 1943); *Taylor v. Pratt*, 135 Me. 282, 284, 195 A. 205, 207 (1937). *See also, Harmon v. Harmon*, Me., 404 A.2d 1020 (1979). Although none of the cases heretofore has dealt specifically with the attorney-client relationship, the principles of the law of interference as set forth above are equally applicable in that situation as in other employment or contract situations. Plaintiff's complaint alleges an employment relationship and the rupture of that relationship as a result of defendant's threats that he would not seek to have the complaint against Mercer dismissed if plaintiff continued to represent Mercer. These allegations, which include the essential element of intimidation, *Boston Cas. Co. v. Bath Iron Works Corp.*, 136 F.2d at 34, are sufficient to state a claim upon which relief could be granted and the court erred in dismissing this portion of the complaint.

The entry is:

Judgment vacated. Remanded to Superior Court for entry of an order dismissing only that portion of the complaint asserting a claim for invasion of privacy.

All concurring.