**Robert C. MacDONALD**

**v.**

**EASTERN FINE PAPER, INC.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1983.

Decided Dec. 10, 1984.

Ferris, Dearborn & Willey, N. Laurence Willey, Jr. (orally), Brewer, for plaintiffs.

Kurtz & Myers, Theodore H. Kurtz (orally), South Paris, Eaton, Peabody, Bradford & Veague, Thomas C. Johnston, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Robert MacDonald appeals from a summary judgment in favor of Eastern Fine Paper, Inc. entered on his complaint in Superior Court, Penobscot County. MacDonald was terminated as an employee of Eastern more than 12 months after he was rendered unable to work for the company due to an employment-related injury. In his complaint, MacDonald alleged that by terminating him, Eastern had breached its labor agreement with the union, discriminated against him because of his disability and discharged him in retaliation for filing a Workers' Compensation claim.[1] Treating Eastern's motion to dismiss as one for summary judgment, the Superior Court concluded that MacDonald's discharge was in compliance with the terms of the contract, that MacDonald failed to pursue contract grievance procedure and that there was no retaliatory discharge or discrimination. Because Eastern failed to establish the absence of genuine factual issues relating to

the contract, we vacate the summary judgment on Count I. We affirm the judgment as to Count II.

After filing its motion to dismiss, Eastern submitted the affidavit of its personnel manager which included a brief quote from the applicable labor agreement and the statement that MacDonald had been terminated pursuant to this provision. Attached to the affidavit was a copy of the personnel manager's letter to MacDonald informing him of his termination pursuant to the labor agreement and company policy. A copy of a doctor's letter and MacDonald's union grievance report were also attached. The labor agreement between Eastern and MacDonald's union was not submitted to the court. MacDonald filed a counter-affidavit in which he stated that he was totally disabled due to a work-related injury and that his firing was in retaliation for his being unable to physically do his job.

In these circumstances, the absence of any factual issue concerning the contract claim was not established because the Superior Court did not have the labor agreement before it. The assertions by the personnel manager concerning the scope and applicability of the contract are merely conclusory and, therefore, insufficient. Similarly, the record does not disclose whether the contract requires that the grievance procedure shall be the exclusive means of resolving MacDonald's claim. Because the record before us does not support the summary disposition of Count I, we vacate the judgment on that count.

We need not consider Eastern's contention that MacDonald's own affidavit would support a summary judgment in favor of Eastern upon a claim of discriminatory discharge under the Maine Human Rights Act, 5 M.R.S.A. § 4571 (1979), because MacDonald makes no such claim.

---

1. The court did not dispose of a claim by MacDonald's wife for loss of consortium. In view of our subsequent decision in *McKellar v. Clark Equipment Co.,* 472 A.2d 411 (Me.1984) (wife's claim barred by Workers' Compensation Act), we need not review the trial court's entry of final judgment on MacDonald's claims pursuant to M.R.Civ.P. 54(b).

Rather, he relies upon section 111 of the Workers' Compensation Act and case law from other jurisdictions applying liability for retaliatory discharge. Cases which arise under the workers' compensation provisions of other states are no help to MacDonald because of differences in statutory provisions. Section 111 of the Maine act contains its own exclusive enforcement procedure on petition before the Workers' Compensation Commission. No separate action in the Superior Court can be based thereon.

■ Finally, we decline, on the record presently before us, to decide whether this jurisdiction recognizes a common law action for retaliatory discharge in circumstances where public policy is being contravened. We need only decide that the record demonstrates conclusively that no public policy has been violated by MacDonald's discharge. We affirm, therefore, the summary judgment in favor of the defendant entered on Count II of the complaint, characterized by the plaintiff as the "tort claim for retaliatory discharge."

The entry is:

Judgment on Count II affirmed. Judgment on Count I vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.