Michael W. **LARRABEE** et al.

v.

**PENOBSCOT FROZEN FOODS, INC.**

Supreme Judicial Court of Maine.

Argued Nov. 7, 1984.

Decided Dec. 31, 1984.

Steven C. Fletcher (orally), Rockland, for plaintiffs.

Daniel G. Lilley, P.A., Stephen W. Devine (orally), Portland, Francis C. Marsano, Belfast, for defendant.

1. *See, e.g., Stanley v. Schiavi Mobile Homes, Inc.,* 462 A.2d 1144, 1146–1147 (Me.1983).

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

This appeal presents issues, novel in this jurisdiction, of whether an employee's action for wrongful discharge may be grounded in improper motivation on the employer's part and whether a private right of action may be implied from a statute that does not expressly authorize such a remedy.

The Plaintiffs, Michael W. Larrabee and Dana C. Chuprevich, appeal from the dismissal of four of the five counts of their complaint against the Defendant, Penobscot Frozen Foods, Inc., by the Superior Court (Waldo County) pursuant to M.R. Civ.P. 12(b)(6). Prior to filing their notice of appeal, the Plaintiffs voluntarily dismissed the remaining claim for relief, thereby creating a final judgment. Concluding that the complaint states a potential claim for breach of an employment contract, we sustain the appeal in part.

■ The material allegations set forth in the Plaintiffs' complaint, which for the purposes of a Rule 12(b)(6) motion to dismiss must be taken as admitted,[1] may be briefly summarized. In August, 1981 and February, 1981, respectively, the two plaintiffs expressly or impliedly promised to work for the Defendant, at Belfast, on a full-time, continuous basis. In exchange for the Plaintiffs' promises, the Defendant expressly or impliedly promised to pay the Plaintiffs a specified wage and to refrain from discharging them in bad faith or without good cause. The Plaintiffs assert an implied contract; because that assertion is a legal conclusion rather than a factual pleading, we are not bound to accept it.[2] They further assert that this contract included terms and conditions contained in writings entitled "General Policy" and "Work Rules." At no time, it is alleged,

2. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 at 248 (2d Ed.1970).

did the Defendant communicate to either of the Plaintiffs any dissatisfaction with his work performance. The Defendant, nevertheless, discharged the Plaintiffs on November 15, 1982. In a letter written to the Plaintiffs the Defendant stated that the Plaintiffs were discharged for misconduct in that they had been found hiding in a space constructed by boxes when they should have been working. The Defendant also communicated this reason to the Maine Employment Security Commission, which initially denied both Plaintiffs unemployment benefits.[3]

A year after their discharge the Plaintiffs initiated this action against their former employer. Their complaint set forth five claims for relief: (1) breach of an employment contract; (2) wrongful discharge; (3) libel and slander; (4) unemployment fraud, based on 26 M.R.S.A. § 1051 (Supp.1984–1985); and (5) misstatement of the reason for termination of employment, based on 26 M.R.S.A. § 630 (Supp.1984–1985). The Defendant served and filed two sets of answers, setting forth various affirmative defenses. · In its second answer, the Defendant moved to dismiss each claim for relief pursuant to M.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief may be granted. The Superior Court granted the Defendant's motions as to all but the third claim for relief (libel and slander). In order to create a final and appealable judgment, the Plaintiffs voluntarily dismissed that third claim pursuant to M.R.Civ.P. 41(a)(1).

■ Initially, we conclude that the trial court erred in dismissing the Plaintiffs' claim for relief under a theory of breach of employment contract. Dismissal of a complaint for failure to state a claim is appropriate only if it appears beyond doubt that the Plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *MacKerron v. Madura*, 445 A.2d 680, 681–682 (Me.1982). In reviewing such a dismissal, we examine the complaint in the light most favorable to the

plaintiff to determine whether it alleges the elements of a cause of action against the defendant or states facts that could entitle him to relief on some legal theory. *Id.*

The trial court granted the Defendant's motion to dismiss the Plaintiffs' first claim for relief, which alleged the breach of an employment contract. The presiding justice ruled that absent any allegation that the employment was for any particular period of time, the employment was terminable at the will of either party.

■ In Maine it has long been the rule that a contract of employment for an indefinite length of time is terminable at the will of either party. *See Terrio v. Millinocket Community Hospital*, 379 A.2d 135, 137 (Me.1977); *Merrill v. Western Union Telegraph Company*, 78 Me. 97, 100, 2 A. 847, 850 (1886); *Blaisdell v. Lewis*, 32 Me. 515, 516 (1851). Under this rule, as well as under the law of the majority of jurisdictions, the Plaintiffs' allegations that the Defendant had entered into an implied contract to discharge them only in good faith and for good cause would be fatally deficient. *See generally* Note, *Protecting At Will Employees Against Wrongful Discharge: The Duty to Terminate Only In Good Faith*, 93 Harv.L.Rev. 1816 (1980).

■ While the employment of much of the country's labor force is governed by the terminable at will rule, a substantial percentage of the labor force is protected by collective bargaining agreements or are employed by federal or state governments, and can generally be discharged only for "just cause." *See* 93 Harv.L.Rev. 1816, 1816 n. 1 & n. 2. There is no reason why individuals not otherwise given this protection and their employers should not be free to contract against discharge without good cause, as the Plaintiffs in the instant case allege they did. We hold, therefore, that parties may enter into an employment contract terminable only pursuant to its express terms—as "for cause"—by clearly

---

**3.** Plaintiff Chuprevich eventually prevailed on his claim for unemployment benefits.

stating their intention to do so, even though no consideration other than services to be performed or promised is expected by the employer, or is performed or promised by the employee. In so holding, we join several other courts which have carved out the identical or a similar exception to the terminable-at-will rule.[4]

For the purpose of ruling on a motion to dismiss, all material allegations of a complaint are taken as admitted. *McNally v. Town of Freeport*, 414 A.2d 904, 905 (Me.1980). In the instant case, the Plaintiffs assert that in exchange for their promises to work for the Defendant on a full-time, continuous basis, the Defendant promised not only to pay them specified wages and benefits, but to refrain from discharging them in bad faith or without good cause. Under our holding today, the Plaintiffs' pleadings reveal that they will undertake to prove a set of facts to support this contract claim. The first claim for relief in their complaint is, on the facts asserted therein, therefore sufficient to withstand the motion to dismiss.

Moving on to the second claim for relief in the complaint, the Plaintiffs allege that the Defendant acted with actual malice in discharging them, and that the Defendant was motivated by ill will, personal animosity and rancor toward them. The Plaintiffs then assert that this alleged conduct constituted a wrongful discharge. The presiding justice granted the Defendant's motion to dismiss this claim.

Whether improper motivation may serve as a basis for a wrongful discharge action is a novel question in Maine. Although many other jurisdictions now recognize an action for wrongful discharge, the majority limit the cause of action to when the employer's motives violate some clearly defined public policy. *See, e.g., Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 845, 610 P.2d 1330, 1336 (1980); *Cloutier v. Great Atlantic & Pacific Tea Co.*, 121 N.H. 915, 436 A.2d 1140, 1143 (1981); *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, 417 A.2d 505, 512 (1980). *See also* Note *Protecting Employees at Will Against Wrongful Discharge: The Public Policy Exception*, 96 Harv.L. Rev. 1931, 1931 (1983). We do not rule out the possible recognition of such a cause of action when the discharge of an employee contravenes some strong public policy. *See MacDonald v. Eastern Fine Paper, Inc.*, 485 A.2d 228, 229–230 (Me.1984). The instant case, however, presents the attributes of nothing more than a purely private dispute. Accordingly, we conclude that the presiding justice did not err in dismissing the second claim for relief of the Plaintiffs' complaint.

Moving on to the fourth and fifth claims for relief in their complaint, the Plaintiffs assert that the Defendant misstated the reason for terminating the Plaintiffs' employment to the Employment Security Commission and to the Plaintiffs, and therefore violated 26 M.R.S.A. § 1051(1)(B) (Supp. 1984–1985)[5] (unemployment fraud) and 26

---

**4.** *See, e.g., Littell v. Evening Star Newspaper Company*, 120 F.2d 36, 37 (D.C.Cir.1941); *Strauss v. A.L. Randall Co., Inc.*, 144 Cal.App.3d 514, 516, 517, 194 Cal.Rptr. 520, 523 (1983); *Drzewiecki v. H & R Block, Inc.*, 24 Cal.App.3d 695, 704, 101 Cal.Rptr. 169, 174 (1972); *Shah v. American Synthetic Rubber Corp.*, 655 S.W.2d 489, 492 (Ky.1983); *Rowe v. Noren Pattern and Foundry Co.*, 91 Mich.App. 254, 259, 283 N.W.2d 713, 716 (1979).

**5.** 26 M.R.S.A. § 1051(1) (Supp.1984–1985) provides:

§ 1051.
1. A person is guilty of unemployment fraud if he makes a false statement or representation knowing it to be false or knowingly fails to disclose a material fact:
A. To obtain or increase any benefit or other payment under this chapter or under an employment security law of any other state or of the Federal Government;
B. To prevent or reduce the payment of unemployment benefits to any individual;
C. To avoid becoming or remaining an employer under this chapter; or
D. To avoid or reduce any contribution or other payment required from an employment unit under this chapter.
Each false statement or representation or failure to disclose a material fact shall constitute a

M.R.S.A. § 630 (Supp.1984–1985)[6] (failure to provide employee with written reasons for termination). The Plaintiffs then ask for damages resulting from this conduct. The presiding justice granted the Defendant's motion to dismiss as to these claims because he found that the statutes involved did not create private rights of action. On appeal, the Plaintiffs ask us to find an implied private right of action from section 1051(1)(B) (a criminal statute) and section 630 (a civil forfeiture statute).

■ The question of when a cause of action should be judicially implied from a statute that does not expressly authorize such relief is also a novel question in this jurisdiction. As to federal legislation, a similar issue of implied rights of action has been addressed by the United States Supreme Court on numerous occasions in recent years. The Court has determined that the key to its inquiry is legislative intent.[7] *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 377, 102 S.Ct. 1825, 1838, 72 L.Ed.2d 182 (1982); *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 13, 101 S.Ct. 2615, 2622, 69 L.Ed.2d 435 (1981). Although the methodology employed by state courts has varied, a number of courts have adopted an approach similar to that used by the federal courts.[8] We have examined the federal approach, with its emphasis on legislative intent, and conclude that it is the better approach.

■ As to the case at bar, nothing in the plain language or legislative history of sections 1051 or 630 indicates that our Legislature intended a private party to have a right of action under these statutes. *See* L.D. 1449 (109th Legis.1979); L.D. 210 (109th Legis.1979). 1 Legis.Rec. 603–605, 693–694 (1979).

Indeed, in the past, when the Legislature deemed it essential that a private party have a right of action, it has expressly created one. *See Bartner v. Carter,* 405 A.2d 194, 199 (Me.1979) (explaining history of private right of action in Maine Unfair Trade Practices Act, 5 M.R.S.A. § 213 (1979 & Supp.1984–1985)). Thus, if our Legislature had intended that a private party have a right of action under 26 M.R.S.A. § 1051(1)(B) or 26 M.R.S.A. § 630, it would have either expressed its intent in the statutory language or legislative history or, more likely, expressly enacted one. Accordingly, the trial court did not err in dismissing the Plaintiffs' fourth and fifth claims for relief.

The entry is:

So much of the order of March 9, 1984, as related to dismissal of First Claim for Relief vacated; remainder of that order affirmed.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

separate offense. Unemployment fraud is a Class D crime.

6. 26 M.R.S.A. § 630 (Supp.1984–1985) provides:
   **§ 630.**
   An employer shall, upon written request of the affected employee, give that employee the written reasons for the termination of his employment. An employer who fails to satisfy this request within 15 days of receiving it may be subject to a forfeiture of not less than $50 nor more than $500.

7. This standard evolved from a test first articulated in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), where the United States Supreme Court examined four factors: (1) Is the plaintiff one of a class for whose especial benefit the statute was enacted?; (2) Is there any indication of legislative intent to create or deny such a remedy?; (3) Is it consistent with the underlying purpose of the legislative scheme to deny such a remedy?; (4) Is the cause of action traditionally allocated to state law?

8. *See, e.g., Sawyer Realty Group, Inc. v. Jarvis Corp.,* 89 Ill.2d 379, 59 Ill.Dec. 905, 432 N.E.2d 849 (1982); *Seeman v. Liberty Mutual Insurance Co.,* 322 N.W.2d 35 (Iowa 1982); *Burns Jackson Miller, etc. v. Lindner,* 59 N.Y.2d 314, 464 N.Y. S.2d 712, 451 N.E.2d 459 (Ct.App.1983). *See generally* Note, *Implied Causes of Action in the State Courts,* 30 Stan.L.Rev. 1243 (1978).