Dorothy WILDE et al.

v.

**HOULTON REGIONAL HOSPITAL.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1987.

Decided Feb. 12, 1988.

Michael E. Carpenter (orally), Wells & Carpenter, Houlton, for plaintiff.

Edward W. Gould (orally), Sean F. Faircloth, Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiffs, four former employees of the defendant Houlton Regional Hospital, appeal from a summary judgment granted in the defendant's favor by the Superior Court, Aroostook County. The appellants contend that the Superior Court erred in concluding as a matter of law that 1) Houlton Regional did not breach an implied employment contract when it terminated their employment, and 2) Houlton Regional did not wrongfully discharge them in violation of public policy. We affirm the judgment.

The pleadings, depositions and affidavits submitted by the parties for purposes of the defendant's motion for summary judgment establish the following facts as undisputed. Plaintiffs Dorothy Wilde and Frances Drew had worked for the defendant hospital as full-time nurses since 1961 and 1960 respectively; Joann Barton was a ward clerk who had worked for the defendant full-time since 1978; and Elizabeth Spain was a dietary supervisor whose full-time tenure with the hospital began in 1951. In April of 1984, Houlton Regional laid off 25 nurses, including Wilde, Drew and Barton, citing financial difficulties and nurse overstaffing. The defendant also eliminated Spain's position in the dietary department, again citing financial difficulties and overstaffing.

The appellants filed a two-count complaint in the Superior Court, Aroostook County, claiming that each had an employment contract for a definite period with the defendant. Count I of the complaint prayed for damages for the defendant's alleged breach of contract and Count II sought damages in the alternative for Houlton Regional's wrongful discharge of the appellants.

Houlton Regional's motion for summary judgment was granted as to both Counts I and II on March 13, 1987, and this appeal followed.

I.

In *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97 (Me.1984), we recognized an exception to the rule that an employment relationship for an indefinite period is

terminable at the will of either the employer or the employee for any reason. We held in *Larrabee* that parties may enter into an employment contract terminable only "for cause" by clearly stating their intention to do so, even though the employee offers no more than his or her services as consideration. 486 A.2d at 99–100. The appellants in the present case contend that an employment contract for a definite period of time was formed by virtue of a "dismissal for cause" provision in the employee handbook published by Houlton Regional and oral assurances by Houlton Regional's management that the appellants were permanent, full-time employees whose jobs were secure so long as they performed satisfactorily. *See Terrio v. Millinocket Community Hosp.*, 379 A.2d 135 (Me. 1977).

■ We need not and do not decide whether an employment contract terminable only for cause existed between the appellants and Houlton Regional. Even assuming the contract's existence, we conclude, as the Superior Court did, that it was not breached by Houlton Regional's termination of the appellants' employment.

The record in this case includes the sworn affidavits of Bradley C. Bean, the chief executive officer of Houlton Regional, and James Berry, the director of Houlton Regional's dietary services. Bean's affidavit stated that Appellants Wilde, Drew and Barton were laid off in 1984 because of the hospital's financial difficulties and overstaffing. Berry's affidavit cited the same reasons for Appellant Spain's discharge from the dietary department.

M.R.Civ.P. 56(e) requires that when a motion for summary judgment is supported by affidavits or other prescribed means, the adverse party must respond by "set[ting] forth specific facts showing that there is a genuine issue for trial." The appellants contend that they have met this burden by submitting some of Houlton Regional's financial records, obtained during discovery, purporting to show that the defendant hospital paid out more money in nurses' salaries after the 1984 layoffs than before. However, this information, by itself, does nothing to rebut Houlton Regional's assertion of financial difficulties as the reason for the 1984 layoffs. We conclude that the appellants have failed to set forth specific facts showing that they were discharged for any reasons other than financial difficulties and overstaffing. The record does not suggest, for example, that financial difficulties were a pretext for discharges that were actually motivated by Houlton Regional's bad faith or retaliatory purpose.

■ The appellants can therefore only proceed with their contract claim if we conclude that an employer's discharge of employees for financial reasons breaches an employment contract that includes a "for cause" provision as the only limitation on the employer's right to terminate employment at will. We hold, on the contrary, that an employer's discharge of employees for financial or other legitimate business reasons does not offend "for cause" language in an employment contract. Absent some clear indication to the contrary, a "dismissal for cause" provision refers only to disciplinary discharge. In so concluding, we recognize that a private employer has an essential business prerogative to adjust his work force as market forces and business necessity require. In the absence of some explicit contractual limitation on the employer's fundamental right to reduce his work force, we refuse to infer such a contractual term.

## II.

The appellants also contend that Houlton Regional's termination of their employment was wrongful because it violated clearly-defined public policies. *See Larrabee*, 486 A.2d at 100. The record fails to demonstrate, however, that Houlton Regional's motivation for terminating the appellants' employment contravened any compelling public policy. Because the appellants generated no genuine issue of material fact as to the motivation for their dismissal, Houlton Regional was entitled to judgment as a matter of law on Count II. M.R.Civ.P. 56(c).

The entry is:
Judgment affirmed.

All concurring.