**Marco DeSALLE, Plaintiff,**

v.

**KEY BANK OF SOUTHERN MAINE and Key Bancshares of Maine, Inc., Defendants.**

Civ. No. 87–0328–P.

United States District Court, D. Maine.

May 17, 1988.

Michael A. Nelson, Keith R. Jacques, Jensen Baird, Portland, Me., for plaintiff.

Jack H. Simmons, Jeffrey A. Thaler, Berman, Simmons & Goldberg, Lewiston, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

GENE CARTER, District Judge.

Plaintiff's Amended Complaint sets forth eight causes of action against Key Bank of Southern Maine and Key Bancshares of Maine, Inc. The eight causes of action are: defamation (Count I); tortious interference with advantageous business and contractual relationships (Count II); breach of employment contract (Count III); promissory estoppel (Count IV); breach of covenant of good faith and fair dealing (Count V); intentional infliction of mental and emotional distress (Count VI); negligence (Count VII); and violation of Plaintiff's civil rights (Count VIII). For the reasons set forth below, Defendants' motion will be granted as to Count V, and denied as to all other counts.

### I. *Count I*

■ Defendants contend that the Court should dismiss Plaintiff's defamation claim because Plaintiff has not specifically pleaded the defamatory words and therefore fails to fulfill the pleading requirements under Maine law. Even if Defendants are correct that Plaintiff has not met the Maine pleading requirements, Defendants are not entitled to dismissal. The defamation claim need only satisfy the Federal Rules of Civil Procedure. *Caster v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir.1986). All that the Federal Rules require "is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). Plaintiff has satisfied the federal standard.

■ In their reply memorandum, Defendants raise the argument that Plaintiff must "aver time, place, substance and to whom the allegedly actionable statements were made." However, Plaintiff is not required to assert specifically the time, place, and substance in a defamation action. Fed. R.Civ.P. 9.[1] By satisfying the requirements of Fed.R.Civ.P. 8, Plaintiff has met his burden.

■ Defendants next assert that Count I must be dismissed because it is barred by the statute of limitations. A court should not grant dismissal of an action based upon the statute of limitations unless it is clear from the face of the complaint that the relevant statute of limitations bars the action. *Doe v. United States Department of Justice,* 753 F.2d 1092, 1115 (D.C.Cir.1985). Plaintiff alleges that the defamatory statements were republished up to and including April 19, 1987. Complaint, ¶¶ 53, 63. From the face of the Complaint, the statute of limitations does not bar the defamation action. Plaintiff could prove facts in support of his claim which would entitle him to relief.

Finally, Defendants raise arguments of privilege and immunity. However, Plaintiff's Complaint is sufficient to overcome Defendant's Rule 12(b) motion.

### II. *Counts II, III, IV and VII*

Defendants' motion must also be denied as to Counts II, III, IV and VII. Plaintiff has stated a claim for tortious interference with advantageous business and contractual relationships. *MacKerron v. Madura,* 445 A.2d 680, 683 (Me.1982). Similarly, Plaintiff has set forth a cause of action for breach of an employment contract. *Broussard v. CACI, Inc.–Federal,* 780 F.2d 162, 163 (1st Cir.1986); *Larrabee v. Penobscot Frozen Foods,* 486 A.2d 97, 100 (Me.1984). Plaintiff's promissory estoppel and negligence claims also survive Defendants' motion to dismiss.

1. Defendants rely on 5 Wright & Miller, *Federal Practice and Procedure:* Civil § 1309, at 441 (1969). However, the authors indicate that the appropriate relief sought in cases where allegations of time and place are required but not provided is a motion for a more definite statement rather than a motion to dismiss. *Id.* at 442. Defendants have not moved for a more definite statement. *See also* 2A Moore's *Federal Practice* ¶ 9.07 at 9–72–73. ("Rule 9(f) does not require specificity in pleading time and place, but provides only that when specific allegations are made, they are material....")

## III. *Count V*

■ Plaintiff alleges that Defendants breached a covenant of good faith and fair dealing implied in Plaintiff's employment relationship with Defendants. There is authority that in particular circumstances, contracts contain an implied covenant of good faith and fair dealing. *Uproar Co. v. National Broadcasting Co.*, 81 F.2d 373, 376–77 (1st Cir.), *cert. denied*, 298 U.S. 670, 56 S.Ct. 835, 80 L.Ed. 1393 (1936); *Restatement (Second) of Contracts* § 231. However, courts have been reluctant to imply covenants of good faith and fair dealing in employment contracts of indefinite duration.[2]

Although the Law Court has not addressed this issue directly, it appears unlikely that Maine courts would recognize a cause of action for breach of an implied covenant of good faith and fair dealing. Maine courts have previously refused to recognize implied promises in employment contracts of indefinite duration. *Larrabee*, 486 A.2d at 99. In *Larrabee*, the Law Court upheld the dismissal of a claim which was based upon the assertion of employees that the company had "entered into an implied contract to discharge them only in good faith and for good cause...." *Id.* The Court held that such agreements must be express. *Id.; see also Rowell v. Jones and Vining, Inc.*, 524 A.2d 1208, 1211 (Me. 1987). Thus, there is little basis to believe that Maine courts will in the future recognize an *implied* covenant of good faith and fair dealing in employment contracts of indefinite duration. The Court will grant Defendants' motion.

## IV. *Count VI*

Plaintiff has stated a claim for intentional infliction of emotional distress. *Vicknire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979). Plaintiff has also brought this action within the applicable six-year statute of limitation, 14 M.R.S.A. § 572. *Small v. Inhabitants of the City of Belfast*, 796 F.2d 544, 547 (1st Cir.1986).

## V. *Count VIII*

■ Plaintiff alleges that Defendants discriminated against him on the basis of his italian heritage in violation of 42 U.S.C. § 1981. Section 1981 forbids all racial discrimination in the making and enforcement of private contracts. *Runyon v. McCrary*, 427 U.S. 160, 168, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976). The definition of race in the nineteenth century, when the legislative sources for section 1981 were enacted, differed from the definition prevalent today; not all Caucasians were considered of the same race. *St. Francis College v. Al-Khazraji*, — U.S. —, —, 107 S.Ct. 2022, 2027, 95 L.Ed.2d 582, 591 (1987). The legislative history of the statute refers to "the Scandanavian race," the "German race," and "Latin" races. *Id.* Section 1981 was designed to protect identifiable classes of persons, such as Italo-Americans, "who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is ra-

---

**2.** *Compare Phillips v. Goodyear Tire & Rubber Co.*, 651 F.2d 1051, 1054 (5th Cir.1981) (under the laws of Georgia and Texas, an employer may discharge an employee for a good reason, a bad reason, or no reason at all); *Scott v. Sears Roebuck & Co.*, 605 F.Supp. 1047, 1052 (N.D.Ill. 1985), *aff'd*, 798 F.2d 210 (7th Cir.1986) (Illinois law does not imply a covenant of good faith and fair dealing that limits the circumstances under which an at-will employee may be discharged); *Comerio v. Beatrice Foods Co.*, 595 F.Supp. 918, 922 (E.D.Mo.1984) (Missouri courts reject exceptions to the employment at will doctrine such as implying covenants of good faith and fair dealing in employment contracts); *with Fortune v. National Cash Register Co.*, 373 Mass. 96, 104–05, 364 N.E.2d 1251 (1977) (while declining to declare that the good faith requirement is implicit in every contract for employment for an indefinite term, the Supreme Judicial Court found that the employer breached its contract with its employee-salesman when it sought to deprive the salesman of his commission by terminating him before the sale was successfully completed). *See also McKinney v. National Dairy Council*, 491 F.Supp. 1108, 1118–22 (D.Mass.1980) (an action which violated a clear public policy is a breach of an implied covenant of good faith and fair dealing under Massachusetts law). *See also Demars v. General Dynamics Corp.*, 779 F.2d 95, 100–01 (1st Cir.1985) (Massachusetts courts have limited employers' duty of good faith to cases in which an employee has been discharged in order to deprive him of compensation already due for past services, or who was discharged for a reason that violated public policy. Absent such circumstances, an employer can discharge an employee negligently and in bad faith).

285

cial discrimination that Congress intended section 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory." *Id.* at ——, 107 S.Ct. at 2028, 95 L.Ed.2d at 592 (footnote omitted). Thus, discrimination, based on Plaintiff's Italian heritage is actionable under section 1981. *Contra Petrone v. City of Reading*, 541 F.Supp. 735, 738–39 (E.D. Pa.1982). Since Plaintiff here claims that the discrimination was based upon his ethnicity, rather than his country of origin, he has stated a claim. *St. Francis College*, —— U.S. at ——, 107 S.Ct. at 2028, 95 L.Ed.2d at 593 (Brennan, J., concurring); *Quintana v. Byrd*, 669 F.Supp. 849, 850 (N.D.Ill.1987).

■ Defendants argue that the action is barred by the statute of limitations. Since section 1981 bars racial discrimination, a fundamental injury to the individual rights of a person, the Court should apply the statute of limitations period governing personal injury actions. *Goodman v. Lukens Steel Co.*, —— U.S. ——, ——, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572, 582 (1987). In Maine, the appropriate statute is the six-year statute of limitations, 14 M.R.S.A. § 752. *See Small v. Inhabitants of Belfast*, 796 F.2d at 545–49 (applied six-year statute of limitations to federal civil rights claim under section 1983). Since Plaintiff brought this action within the six-year limitation period, Defendants' motion must be denied.

Accordingly, Defendants' motion is GRANTED as to Count V. With regard to all other counts, Defendants' motion is hereby DENIED.

So ORDERED.