STATE OF MAINE                                         SUPERIOR COURT
                                                        CIVIL ACTION
YORK, ss.                                         DOCKET NO. CV-05-330

                                                  *RE-YOR - 3/3/06*

MARY BEAUDOIN,

            Plaintiff

      v.                                    **ORDER**

COMMUNITY PARTNERS, INC.
and HOLLY STEELE,

            Defendants

      Ms. Beaudoin had been employed as a youth support assistant by Community

Partners, Inc. starting in April of 2003. Her employment ended in September of 2004

and she has filed a five-count complaint against Community Partners and one of its

employees, Holly Steele. The defendants have filed a motion to dismiss, which has

been briefed and argued.

      The first two counts are based on breach of contract involving personnel policies

of Community Partners and a claimed contract to allow Ms. Beaudoin to transfer to

another job at Community Partners. While Community Partners had detailed

personnel policies dated July 1, 2004 which included provisions relating to disciplinary

action and grievances and appeals the first page of the policies indicates that "These

policies are not, and should not be construed as, an employment contract. Employment

at CPI is understood to be 'at-will'." Page 3 at Article II.C.1. states, "Employees at

Community Partners are hired as 'employees-at-will' and not pursuant to any contract

of employment, verbal or written." As Ms. Beaudoin was and remained an employee-

at-will, judgment will be entered for the defendants on the first two counts. See *Larrabee* ·

*v. Penobscot Frozen Foods*, 486 A.2d 97, 99 (Me. 1984) and *Taliento v. Portland West Neighborhood Planning Council*, 1997 ME 194, ¶¶9-11, 705 A.2d 696, 699.

The third count is based on a claimed tortuous interference with advantageous economic relations based on the alleged actions of Ms. Steele in frustrating Ms. Beaudoin's transfer to another department.

The Law Court has held in *MacKerran v. Madura*, 445 A.2d 680, 3 (Me. 1982) and in *Pombriant v. Blue Cross/Blue Shield of Maine*, 562 A.2d 656, 659 (Me. 1989) "... that if a person by fraud or intimidation procures the breach of a contract that would have continued but for such wrongful interference, that person can be liable in damages for such tortious interference." The question in the current case is whether the fraud or intimidation must be from an outside source. Can Community Partners, through its employee, be liable for this type of claim? The answer is no.

The text W. Prosser & W. Keeton, *The Law of Torts* §129 at 978 (5th ed. 1984) begins a lengthy discussion of this cause of action by stating, "It is usually said that tort liability may be imposed upon a defendant who intentionally and improperly interferes with the plaintiff's rights under a contract with another person...." The tort is not designed to protect a person from the direct actions of another in interfering with an advantageous economic relation between the two parties. The tort protects a person when someone else, not a party to the contract or other economic relation, interferes. The motion to dismiss will be granted on this claim. Also see *Restatement (Second) of Torts* §§766 – *et seq.*

The fourth count is a defamation claim alleging that Ms. Steele defamed Ms. Beaudoin by stating that Ms. Beaudoin had been issued what Community Partners calls a Final Written Warning. The motion to dismiss on this count will be granted because the plaintiff states in the complaint that she was issued a Final Written Warning. While •

2

this may not have been all that could have been said, it was a true statement and does not constitute defamation.

The final count is a claim for promissory estoppel. Here there is no claim of action or forebearance on behalf of the plaintiff in reliance upon the claimed promise.

The entry is:

Motion to dismiss is granted. Complaint dismissed with prejudice.

Dated: March 3, 2006

Paul A. Fritzsche
Justice, Superior Court

Philip L. Bartlett, II, Esq. - PL
Robert Brooks, Esq. - DEFS
Patricia A. McAllister, Esq. - DEFS

3