STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-168

MARK L. HAYES

Plaintiff

v.

IWORX, INC.

Defendants

ORDER ON
DEFENDANT'S MOTION
TO DISMISS AND TO
STRIKE PLAINTIFF'S
OPPOSITION

Before the court is defendant Iworx, Inc.'s ("Defendant") motion to dismiss plaintiff Mark L. Hayes's ("Plaintiff") complaint, and Defendant's motion to strike Plaintiff's memorandum in opposition to Defendant's motion to dismiss.

## BACKGROUND

Plaintiff is a former employee of Defendant. He began work with Defendant in November of 2002 as a sales representative, was promoted to sales manager in October of 2003, and demoted to a sales position on January 20, 2004. Plaintiff alleges that this demotion was retaliation for Plaintiff's efforts to report sexual harassment by one of Defendant's corporate recruiters. Upon his demotion, Plaintiff resigned his employment with Defendant.

On January 13, 2006, Plaintiff filed suit against "iworx, Inc." in Federal District Court, asserting federal jurisdiction due to diversity of citizenship. Plaintiff is a resident of Maine, and "iworx Inc." is a New Hampshire corporation. Defendant moved to dismiss the suit in federal court, which motion was unopposed by Plaintiff and granted by the court. Dismissal was based on

1

lack of subject matter jurisdiction, supported by Defendant's affidavits stating that "Iworx, Inc." is a Maine corporation, and that the parties therefore lack diversity of citizenship.

Plaintiff refiled in Superior Court on March 16, 2006, and the Federal District Court dismissed Plaintiff's case on April, 4, 2006. Plaintiff's Superior Court complaint alleges three counts against Defendant, (I) Violation of the Maine Human Rights Act ("MHRA"), (II) Breach of Contract and (III) Negligent Misrepresentation.

DISCUSSION

## I.    Untimely Opposition

Prior to addressing the merits of Defendant's motion to dismiss, the court addresses Defendant's motion to strike Plaintiff's opposition to its motion to dismiss for failure to comply with M.R.Civ.P. 7(c)(2). Defendant's motion to dismiss was filed on May 16, 2006. Under Rule 7(c)(2), Plaintiff's opposition to this motion was due not later than June 6, 2006; however, it was filed on June 9, 2006. Plaintiff did not request an extension of time to file its opposition, nor has Plaintiff alleged excusable neglect for this late filing[1]. Pursuant to M.R.Civ.P.

---

[1] Plaintiff has lately filed an opposition to Defendant's motion to strike, which Defendant agrees the court should consider. In it, Plaintiff asserts that M.R.Civ.P. 6(c) entitles him to three days beyond the date on which Defendant filed its motion to dismiss to file his opposition to this motion, because it was served by mail. *Saunders v. Town of Standish*, which Plaintiff cites in support of his position, interpreted the statutory language relating to the appeals period for a property tax assessment, and is inapposite. 2006 Me. Super. LEXIS 27 (Jan. 26, 2006). Here, the operative language is M.R.Civ.P. 7(c)(2), which requires any party opposing a motion to file a memorandum not later than 21 days after the *filing* of the motion. Plaintiff does not assert that he did not timely receive a copy of Defendant's motion to dismiss. He asserts, instead, that every time a motion is received by mail, Rule 6(c) extends the reply date by three days. This would render the language of Rule 7(c)(2) a nullity, as Rule 5(b) allows service by mail of every pleading subsequent to the original complaint. The twenty-one day period for opposing a motion under 7(c)(2) already takes into account the amount of time it takes to receive a copy of the motion through the mail, and provides an adequate period for reply. If Plaintiff had not received notice, or had not timely received notice of Defendant's motion to dismiss, he would have the opportunity to request an extension of time for filing an opposition, or, after the fact, to excuse the late filing.

2

7(c)(3), Plaintiff is therefore deemed to have waived all objections to Defendant's motion to dismiss. Defendant's motion to strike Plaintiff's objection as untimely is GRANTED.

The question now is whether the law permits dismissal of Plaintiff's complaint for the reasons stated in Defendant's motion to dismiss. *See e.g. Presby v. Pen Bay Builders et al.*, 2001 Me. Super. LEXIS 85, *8; *Russo v. Allstate Ins. Co.*, 1998 Me. Super. LEXIS 274, * 4. [2]

## II.    Count I : Violation of the MHRA

Defendant moves to dismiss Count I of Plaintiff's complaint (Violation of MHRA), pursuant to M.R.Civ.P.12(b)(6), claiming that this count is time-barred by the MHRA's two-year statute of limitations. *See* 5 M.R.S.A. § 4613(2(C). It appears from the Complaint that Plaintiff initially proceeded in federal court under a good faith belief that Defendant was a New Hampshire corporation, and that the Federal District Court therefore would have had diversity jurisdiction over his claim. Plaintiff refiled in Superior Court after having been informed

---

[2] In his memorandum in opposition to Defendant's motion to dismiss, Plaintiff asserts an estoppel argument to the effect that Defendant provided Plaintiff with the wrong name, i.e. "iworx, Inc." as opposed to "Iworx, Inc.," leading to Plaintiff's mistaken conclusion that Defendant was a New Hampshire corporation, and not a Maine corporation.

This argument cannot be considered by the court due to Plaintiff's unexcused late filing of his opposition. Even if the court were to consider this argument, however, it would not save Plaintiff's MHRA claim. First, Plaintiff's allegations regarding Defendant's actions do not support a claim for estoppel. In order for an action to constitute estoppel barring the assertion of a statute of limitations defense, the action must *induce a delay in filing suit*. *See* 24 A.L.R.2d 1413, *Estoppel to Rely on Statute of Limitations*, * 2. Plaintiff's opposition states, "when asked by the Maine Human Rights Commission to identify its legal corporate name, [Defendant] identified itsef as 'iworx, Inc.' instead of 'Iworx.'" Plaintiff alleges this led to his filing in Federal District Court as opposed to Superior Court because a corporate search under the inaccurate name showed that Defendant was a New Hampshire corporation, which it is not. The proffer of an inaccurate corporate name, however, is too attenuated causally from Plaintiff's subsequent actions to legally constitute an *inducement to delay* filing his claim. Plaintiff always had the option of filing his claim in Superior Court, even when he considered Defendant a New Hampshire corporation. He was not *induced* by Defendant to file in Federal District Court. Second, even if the claims legally could support a claim of estoppel, they are not properly supported by evidence. The statute of limitations bars Plaintiff's claim in the absence of a showing by Plaintiff, supported by affidavit, that estoppel bars this defense.

3

through Defendant's motion to dismiss that Defendant is not a New Hampshire corporation, but a Maine corporation.

Plaintiff's refiling in Superior Court was actually accomplished prior to dismissal of his complaint in Federal Court, but close to two months after the MHRA's statute of limitations had run. Unlike 28 U.S.C. § 1331, which provides for removal from state to federal court, there is no provision for removal of a case from federal to state court. Accordingly, Plaintiff's only choice upon being informed of Defendant's status as a Maine corporation was to refile in Superior Court, without the possibility of relating back to the date of the initial filing in Federal District Court.

There is a provision tolling the statute of limitations on state claims filed in federal court, however, it is inapplicable to Plaintiff. *See* 28 U.S.C.A. § 1367(d) (tolling the statute of limitations for state law claims brought in federal court pursuant to the federal court's supplemental jurisdiction); *Jinks v. Richland County, South Carolina*, 538 U.S. 456, 460 (2003). As the original basis for the federal court's jurisdiction over Plaintiff's MHRA claim was diversity of citizenship, and not supplemental jurisdiction, the District Court did not exercise supplemental jurisdiction, making § 1367's tolling provision inapplicable. *See Scarfo v. Ginsburg*, 817 So.2d 919, 921 (Fla. App. 2002) (stating, "the purpose of this tolling provision is undoubtedly to allow claimants to pursue their federal claim in a federal court without cost to their state law claims, should the federal claim prove unsuccessful.") Accordingly, Defendant's motion to dismiss Count I of Plaintiff's complaint is GRANTED.

### III.    Count II : Breach of Contract

4

Defendant moves to dismiss Count II (Breach of Contract), for failure to state a claim for which relief may be granted. Plaintiff alleges under this count that he received an "annual review" on January 8, 2004, through which he "understood that he would not be terminated within the next review period as long as he continued to [sic] with his current performance and improved in the areas noted in 'areas where employees [sic] needs development.'" Plaintiff goes on to allege that his understanding "was reaffirmed in Plaintiff's discussion of the review with his manager."

Plaintiff clearly had a contract for employment with Defendant. Such contracts are ordinarily terminable at will by either party, such that termination by Defendant would not be a breach of the contract. *See Larrabee v. Penobscot Frozen Foods*, 486 A.2d 97, 99 (Me. 1984). However, where the parties expressly provide that the employer is not free to discharge an employee without cause, termination without cause is a violation of the employment contract. *See id.* at 100. Assuming for purposes of the motion to dismiss that the demotion alleged by Plaintiff constitutes termination of the employment contract[3], he has alleged that Defendant agreed to refrain from discharging him for the year 2004 review period without cause. Although the complaint alleges only that Plaintiff understood through conversations with his supervisor and manager that his employment was secure through the next review period, it is possible that Plaintiff will prove not just his "understanding" of Defendant's promise, but that Defendant clearly stated this promise to Plaintiff, and that this promise was made in exchange for Plaintiff's promise to continue working for Defendant in a

---

[3] Plaintiff does not allege any loss of income as a result of the demotion or allege what duties were expressly laid out as a part of his sales manager employment contract, such that a demotion would in effect be a termination of one employment contract and the offer of another.

5

specified capacity. *See id. Taliento v. Portland West Neighborhood Planning Council,* cited by Defendant in support of its motion to dismiss, is instructive on the showing Plaintiff must make in order to survive summary judgment on a breach of employment contract claim; however, its principles cannot be applied in the context of a motion to dismiss. *See* 1997 ME 194, ¶¶ 9, 13, 705 A.2d 696, 699-700.

Defendant also asserts that Plaintiff's claim fails because he does not allege a written contract, and any contract for employment lasting more than one year must be in writing or it is barred by the statute of frauds. *See* 33 M.R.S.A. § 51(5) (stating, "No action shall be maintained ... upon any agreement that is not to be performed within one year from the making thereof... unless the... contract... on which such action is brought... is in writing and signed by the party to be charged therewith.") Plaintiff, however, has not alleged a contract guaranteeing his employment for more than 365 days. He referred only to an "annual review period" which may be 365 days long or less. Accordingly, although Plaintiff has not alleged the existence of a writing, this is not necessarily fatal to his claim. Defendant's motion to dismiss Count II of Plaintiff's complaint is DENIED.

## IV. Count III : Negligent Misrepresentation

Finally, Defendant moves to dismiss Count III of the Complaint (Negligent Misrepresentation) for failure to state a claim upon which relief can be granted. A claim for negligent misrepresentation requires allegations that (1) the defendant supplied false information to the plaintiff (2) and failed to exercise reasonable care or competence in obtaining or communicating this information, and that (3) the plaintiff justifiably relied on this information (4) to the plaintiff's

detriment. *Chapman v. Rideout*, 568 A.2d 829, 830 (Me. 1990) (quoting *Restatement (Second) of Torts*, § 552(1).)

Plaintiff alleges in the Complaint that Defendant supplied him with false information by indicating that he would enjoy continued employment through the next review period provided he continue his performance and improve in certain unspecified areas, and that Plaintiff justifiably relied on this information as true and acted upon it by continuing in his job with Defendant. Defendant contends that Plaintiff has not alleged a false representation, but rather, a breach of a promise, which cannot support an action for negligent misrepresentation. The Restatement is silent on what constitutes a false representation under § 552; however, under the related claim of fraudulent misrepresentation, a misrepresentation of the maker's intention to do or not do a particular thing is fraudulent if he does not have that intention. *Restatement (Second) of Torts*, § 530. By analogy, although this appears to be a question of first impression in Maine, it would be possible for Defendant's agent to negligently promise that Plaintiff's position would be secure in the absence of poor job performance, when in fact it would not be. *See id.* Awkward as this formulation is under the heading of negligent misrepresentation, it is possible on this complaint that Plaintiff might ultimately prove some facts under which he is entitled to judgment in his favor.

Defendant also asserts that Plaintiff has failed to allege detrimental reliance. Plaintiff has not specified the nature or extent of damages arising out of his reliance; however, this is not fatal to his claim. Although Plaintiff only apparently relied on Defendant's representations for a period of about two weeks prior to being demoted, it would be possible for Plaintiff to prove some loss, such as the loss of another job opportunity, occurring during this period of

reliance. In order to dismiss a claim, the court must be satisfied that no set of facts Plaintiff might prove in support of his allegations would meet the elements of a claim for negligent misrepresentation.

Finally, Defendant suggests that Plaintiff has not pled negligent misrepresentation with specificity, pursuant to M.R.Civ.P.9(b). A claim for negligent misrepresentation, however, does not sound in fraud or mistake, but in negligence, and 9(b)'s pleading requirements are inapplicable to claims sounding in negligence. It may be difficult to see the ultimate merit of Plaintiff's claim on such spare pleadings and on a theory which ultimately provides only a narrow band of liability, *see Restatement (Second) of Torts*, § 522, cmt. a, but Plaintiff has pled the elements of the claim. Accordingly, Defendant's motion to dismiss Count III of Plaintiff's claim is DENIED.

The entry is:

> Defendant's motion to strike Plaintiff's opposition to Defendant's motion to dismiss is GRANTED.
>
> Defendant's motion to dismiss is GRANTED in part and DENIED in part. Count I only of the Complaint is DISMISSED.

Dated at Portland, Maine this _31st_ day of ___July___, 2006.

Robert E. Crowley
Justice, Superior Court

8

GUY LORANGER ESQ
NICHOLS WEBB & LORANGER
110 MAIN ST
SUITE 1520
SACO ME 04072

ROBYN MARCH ESQ
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME 04112