STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-14-428


CANDICE WARREN,

            Plaintiff

v.

WILLIAM TURNER, et al,

            Defendants

Before the court is a motion by defendants William Turner and Persis Strong to dismiss certain counts of the complaint brought by plaintiff Candice Warren.

The complaint alleges that Warren purchased a residence in Cape Elizabeth from Turner and Strong in 2013. In Counts I and II of her complaint Warren seeks damages against Turner and Strong based on claims of alleged fraud and negligent misrepresentation in connection with what she describes as significant instances of leakage and water intrusion that were not disclosed to her when she purchased the property. In Count IV of Warren's complaint she seeks relief under the Unfair Trade Practices Act for the same alleged misrepresentations and non-disclosures.

The motion before the court is addressed to Counts III, V, and VI. In Count III Warren seeks damages for alleged violations of 33 M.R.S. §§ 171 - 79, which govern written property disclosure statements in connection with the sale of residential properties. In Count V Warren seeks damages for unjust enrichment. In Count VI Warren brings a claim for an equitable accounting and constructive trust.

STATE OF MAINE
Cumberland. ss. Clerk's Office

MAY 2 C 2015

RECEIVED

Count III

The dispositive question under count III is whether there is an implied private right of action for violation of the property disclosure statute requiring disclosure of "known defects." 33 M.R.S. § 173(5). A private right of action for damages may only be implied when a statute or its legislative history indicate that the Legislature intended to create or allow such a remedy. *Charlton v. Town of Oxford*, 2001 ME 104 ¶ 15, 774 A.2d 366; *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 101 (Me. 1984). In this case there is no indication of legislative intent to create a private right of action.

The statute in fact demonstrates the Legislature's understanding that purchasers retain other remedies against sellers who are alleged to have fraudulently or negligently misrepresented the condition of residential properties. *See* 33 M.R.S. § 178 ("This subchapter is not intended to limit or modify any obligation to disclose created by any other statute or that may exist in common law in order to avoid fraud, misrepresentation or deceit in the transaction"). Whatever damage Warren may have suffered from alleged omissions in the disclosure statement can be pursued under her claims for fraud, misrepresentation, and unfair trade practices in Counts I, II, and IV.

Count V

Count V alleges unjust enrichment. An unjust enrichment remedy is only available when there is no contractual relationship or when contract claims fail based on the absence of an enforceable contract. *E.g., In re Estate of Miller*, 2008 ME 176 ¶ 29, 960 A.2d 1140; *Paffhausen v. Balano*, 1998 ME 47 ¶ 6, 708 A.2d 269. In this case, however, Warren alleges that a contractual relationship existed, Complaint ¶ 35, and as far as the court can tell Turner and

2

Strong are not raising any defenses that could conceivably lead to a finding that no enforceable contract existed. They have admitted that they transferred the property in question by a sale to Warren. Answer ¶ 63 (admitting ¶ 63 of the complaint).

Warren argues that she is entitled to plead unjust enrichment in the alternative. However, all of the allegations in her complaint relate to alleged misrepresentations and nondisclosures in connection with her purchase of residential property. A purchase of real property presupposes a contract and precludes her from pursuing a cause of action for unjust enrichment. *See In re Wage Payment Litigation,* 2000 ME 162 ¶ 20, 759 A.2d 217.[1]

## Count VI

Although Warren seeks an equitable accounting and a constructive trust in Count VI of her complaint, an equitable accounting and a constructive trust are equitable remedies, not a separate cause of action. Warren concedes this in her opposition to the motion to dismiss but argues that these remedies should be available if she prevails on her claim for unjust enrichment. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss dated February 23, 2015 at 6. Since Warren's claim for unjust enrichment has been dismissed, Count VI will be dismissed as well.

The entry shall be:

Defendants' motion to dismiss Counts III, V, and VI of the complaint is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] In the extremely unlikely event that future developments in the case lead to a situation where it could be found that no enforceable contract existed, the court would reconsider the viability of Warren's unjust enrichment claim.

3

Dated: May 20, 2015

_____
Thomas D. Warren
Justice, Superior Court

4

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MICHAEL BOSSE ESQ
BERNSTEIN SHUR
PO BOX 9729
PORTLAND ME 04104-5029

*Plaintiff's Counsel*

---

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DAVID HIRSHON ESQ
HIRSHON LAW GROUP PC
208 FORE STREET
PORTLAND ME 04101

*Defendants' Counsel*