John Osborn *v.* A. S. Moore.

*Where it appears that the plaintiff, in obtaining a writ of arrest, acted in good faith and upon an apparent cause of action, in some degree, arising from defendant's own conduct and declarations, he ought not to be condemned to pay damages. Nor are the jury at liberty in assessing damages to estimate the traveling expenses and loss of time of defendant in preparing his defense and attending court. In the eye of the law the expenses of a suit which a party incurs, are, as a general rule, considered as covered by the taxed costs.*

APPEAL from the District Court of the Parish of Winn.    Trial by a jury. *Chaplin,* J.    *W. B. Lewis* and *W. B. Hyman,* for plaintiff and appellant. *Mercer Canfield,* for defendant.

MERRICK, C. J.    The plaintiff's original demand against the defendant for seventy dollars is not within our jurisdiction.

On the defendant's reconventional demand for damages for the alleged illegal arrest in this case under the writ of arrest, we are of the opinion that the plaintiff was acting in good faith and upon an apparent cause of action, and that the defendant's conduct and declarations were, in some measure, the cause of his arrest.   We come the more readily to this conclusion, against the verdict of the jury, because the testimony consists in part of depositions which we feel ourselves equally competent with them to consider, and because the verdict for the amount rendered ($150) cannot be maintained on any principles. The defendant, upon being arrested, appears to have been immediately discharged by the Sheriff on giving up to him property as security, for his appearance, valued at $100.   The jury were not at liberty to estimate the traveling expenses and loss of time of the defendant in preparing his defence and in attending on the court.   The very nature of judicial proceedings presupposes that suitors will be put to some trouble in defending and prosecuting suits, but as a general rule, these damages are, in the eye of the law, supposed to be covered by the taxed costs.   It is desirable that courts of justice should be open to all men, and that suitors should not be deterred from pursuing their rights through fear that they should be compelled to pay for the loss of time of their adversary, nor from using, in good faith, the process of the court and the means of redress prescribed by law, through apprehensions that they should be mulct in vindictive damages, if from any unforeseen cause, they should fail in their action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that there be judgment upon the defendant's reconventional demand in favor of the plaintiff and against the defendant, and that the defendant pay the costs of the appeal and his reconventional demand in the lower court.