Lionel A. GAGNON

v.

Raphael TURGEON, M.D.

Supreme Judicial Court of Maine.

Dec. 8, 1970.

Reef & Mooers by Norman S. Reef, Portland, for plaintiff.

Hyman Jacobson, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE and POMEROY, JJ.

POMEROY, Justice.

Lionel Gagnon had a valid contract with Geneva Haskell and Edith Haskell for the purchase of their property in Westbrook. Doctor Turgeon tortiously induced a breach of that contract. On April 29, 1964, Gagnon instituted a complaint for preliminary and permanent injunction against both Haskells and defendant Turgeon and prayed for judgment of specific performance against defendants Haskell. No claim for money damages was asserted in this suit.

A temporary restraining order was issued on motion. All the defendants filed answers. Hearing was had on the complaint and on September 22, 1964, a Single Justice of the Supreme Judicial Court sitting in the Superior Court enjoined Turgeon from undertaking any action for the purpose of receiving from the Haskells their real estate located at the intersection of Bridge Street and Pierce Street in Westbrook and ordering specific performance of the contract to sell by the

Haskells. No appeal was taken from this judgment.

On March 16, 1965, plaintiff Gagnon filed a complaint against Turgeon alleging malicious interference by Turgeon with the contractual relationship which existed between Gagnon and the Haskells as a result of the purchase and sale agreement litigated in 1964. The complaint sought judgment against the defendant for the sum of $2,500.00 general damages and $2,500.00 punitive damages.

By agreement the complaint was referred to a Referee. Finding was for the defendant. The Referee's report was offered for acceptance and after hearing, the Superior Court Justice who heard the motion refused to accept it. Instead he ordered judgment for the plaintiff and re-referred the cause to the Referee to determine the plaintiff's damage.

This action resulted in a finding by the Referee of damages in the sum of $287.74. His report was accepted by the Justice of the Superior Court on motion. Appeal was seasonably taken by plaintiff, based on a claim error was made by the Referee and perpetuated by the Presiding Justice, in disallowing $2,000.00 damages. Such sum represented the amount of counsel fees paid by Gagnon in prosecuting the action against Haskells and Turgeon, seeking injunctive relief and specific performance.

No appeal was taken by the defendant from the entry of judgment against him in the sum of $287.74.

We must deny the appeal.

■ It is now well established in Maine when one, for the indirect purpose of benefiting himself at the expense of the plaintiff, induces a third party by fraud or intimidation to breach a contract with the plaintiff, he is liable in damages for such injuries as naturally result therefrom. Perkins v. Pendleton, 90 Me. 166, 38 A. 96. See also: Taylor v. Pratt, 135 Me. 282, 195 A. 205.

By a judgment, from which no appeal was taken, it was determined this defendant committed that tort.

As the author of such tortious conduct he is liable for all such damages as are the natural and probable consequences of his act. The damages for which he is answerable, of course, are limited to those which are recognized in law.

Where the wrongful act of a defendant has involved the plaintiff in litigation with others, or placed him in such relation to others as makes it necessary for him to incur expense to protect his interest, such costs and expenses, including attorneys' fees, must be treated as the legal consequence of a wrongful action and may be recovered as damages.[1] Turner v. Zip Motors, Inc., (1954) 245 Iowa 1091, 65 N.W.2d 427, 45 A.L.R.2d 1174. Stiles v. Municipal Council of Lowell, 233 Mass. 174, 123 N.E. 615.

But the rule does not apply to attorneys' fees incurred in litigation between the plaintiff and the defendant,[2] Seaboard

---

1. This is also the rule of Restatement, Torts § 914.

2. An excellent statement of the rationale for the rule is found in Osborn v. Moore, 12 La.Ann. 714, where it is said:
   "*The very nature of judicial proceedings presupposes that suitors will be put to some trouble in defending and prosecuting suits, but as a general rule these damages are, in the eyes of the law, supposed to be covered by the taxed costs. It is desirable that courts of justice should be open to all men,*

*and that suitors should not be deferred from pursuing their rights through fear that they should be compelled to pay for the loss of time of their adversary, nor from using, in good faith, the process of the court and the means of redress prescribed by law, through apprehensions that they should be mulct in vindictive damages, if, from any unforeseen cause, they should fail in their action.*"
See also Kolka v. Jones, 6 N.D. 461, 71 N.W. 558.

Surety Company v. Permacrete Construction Co., (C.C.A. 3 Pa.), 221 F.2d 366, Tarnowski v. Resop, 236 Minn. 33, 51 N. W.2d 801, or persons in privy to the contract agreement or events through which the litigation arises. Armstrong Construction Co. v. Thomson, 64 Wash.2d 191, 390 P.2d 976.[3]

In the instant case the attorneys' fees incurred by the plaintiff were the result of litigation instituted against the Haskells for specific performance of a contract of sale, and Turgeon, this defendant, for injunctive relief. Such fees, then, are not recognized in law as compensable damage. The referee was correct in so deciding. The Single Justice properly accepted his report.

The entry must be,

Appeal denied.

WEBBER, J., did not sit.

MARDEN, J., sat at argument but retired before decision.

---

3. See 4 A.L.R.3d 261 with annotation commencing at 270 for collection of cases relating to attorneys' fees as damages.