**Beverly POWELL et al.**

v.

**JAMES NEWSPAPER, INC., et al.**

Supreme Judicial Court of Maine.

April 18, 1979.

Burke, Meyer & Bates by E. James Burke (orally), Lewiston, Michael J. Gentile, Rumford, for plaintiffs.

Kurtz & Myers by Theodore H. Kurtz, South Paris (orally), James H. Kendall, Rumford, for defendants.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

On May 18, 1977, the Defendant, James Newspaper, Inc., published in its newspaper, the Rumford Falls Times, a letter to the editor from the Defendant, Claire Holland, accusing the Plaintiffs of nepotism in their respective roles of board member and employees of the Peru, Maine, school system. By complaint dated June 27, 1977, the Plaintiffs commenced this action, asserting they had been libeled by such publication and seeking to recover both compensatory and exemplary damages from the Defendants.

After sundry pleadings had been served and filed by the respective parties, on January 4, 1978, the Plaintiffs filed a notice of dismissal in the following form:

Now comes the Plaintiffs, Beverly Powell, Thomas Powell and Rebecca Powell, and voluntarily dismiss this action without prejudice and without costs to either party pursuant to Maine Rules of Civil Procedure, Rule 41.

The Clerk made a docket entry the same day setting forth that notice *in haec verba.*

On March 22, 1978, the Defendant, James Newspaper, Inc., moved for relief from the terms of that docket entry, also seeking an order awarding it "costs, including attorneys fees." From the denial of that motion on June 2, 1978, the Defendant brings the case here on appeal.

We dismiss the appeal.

 These Plaintiffs had the right to voluntarily dismiss their action pursuant to Rule 41(a), M.R.Civ.P., by filing a notice thereof in advance of trial. However, by inserting therein the words "without costs" they could not deprive the Defendants of their right to recover costs. The relevant statute provides:

When a plaintiff's action is voluntarily or involuntarily dismissed, the defendant recovers costs against him, and in all actions, as well as those of qui tam as others, the party prevailing is entitled to his legal costs. 14 M.R.S.A. § 1510.

Therefore, in the pleading before us the words "without costs" were nugatory and of no legal effect.

As to the taxation of the costs to which the Defendants are entitled, the statute provides in pertinent part:

When an action is dismissed . . . , either party on application to the court within 10 days thereafter may have the costs recoverable taxed by the clerk and passed upon by the court, and any party aggrieved by the decision may appeal therefrom; but if no application is made, the clerk shall determine the costs and either party dissatisfied with his taxation may appeal to the court, from whose decision no appeal shall be taken . . . . . The costs shall be taxed within 30 days from the rendition of judgment. 14 M.R.S.A. § 1519.

It was the Clerk's duty, and it remains the Clerk's duty, to tax the costs to which the Defendants are entitled under the provisions of 14 M.R.S.A. § 1502 and Rule 54, M.R.Civ.P. Such costs do not, in this posture of the case, include the attorney's fees which the Defendant incurred in this litigation. *Gagnon v. Turgeon,* Me., 271 A.2d 634, 635 (1970).[1]

 The Defendant not having applied within 10 days after the dismissal for the taxation of costs recoverable by it, the Superior Court has never taken any action in regard to costs from which an appeal may be taken to this Court. 14 M.R.S.A. § 1519 (1964).

The entry is:

Appeal dismissed.

WERNICK, J., did not sit.

---

1. *But see Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702, 707 (1973).