PARK NATIONAL BANK OF CHICA-GO, a national banking corporation, Plaintiff,

v.

MICHAEL OIL COMPANY, an Illinois corporation, M.L.T., Inc., an Illinois corporation, Chicago Fleet Sales & Leasing, Inc., an Illinois corporation, Brian Flisk and Jerry P. Coppola, Defendants.

No. 88 C 2278.

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1989.

Robert Radasevich and James K. Gardner, Neal, Gerber, Eisenberg & Lurie, Chicago, Ill., for Park Nat. Bank of Chicago.

James Christman and Joan M. Fencik, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Chicago Fleet Sales & Leasing, Inc.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Plaintiff Park National Bank of Chicago (the "bank") filed a multi-count complaint against Chicago Fleet Sales and Leasing, Inc. ("Chicago Fleet") and others, alleging that the defendants had entered into a scheme to defraud the bank. Chicago Fleet moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

The bank's complaint alleges jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sections 1961 and 1964(c), and the federal question provisions of 28 U.S.C. Section 1331. However, the bank, in its memorandum in opposition to plaintiff's motion to dismiss, states that paragraph 8 of its complaint contains a misstatement and that jurisdiction is not predicated upon 18 U.S.C. Section 1961 or Section 1964(c). (*See* plaintiff's memorandum in opposition, p. 2, n. 1.) Thus, this court will address the remaining basis for federal jurisdiction under 28 U.S.C. Section 1331.

Chicago Fleet contends that no private right of action exists in favor of the bank under federal criminal bank fraud statutes, 18 U.S.C. Section 1014 or Section 1344, and therefore provides no federal jurisdiction under Section 1331. The bank argues that the four-prong test in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), supports the implication of a private right of action in its favor under 18 U.S.C. Section 1014 or Section 1344.

In *Thompson v. Thompson*, 484 U.S. 174, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988), Justice Scalia noted in his concurring opinion that the Supreme Court effectively overruled the *Cort v. Ash* analysis in *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), and *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). The Supreme Court in *Thompson* held that unless the legislative intent can be inferred from the language of the statute, or some other source, a private remedy will not be implied.

Sections 1014 and 1344 expressly provide for criminal penalties. Neither statute, however, specifically provides for a private right of action for a federally chartered bank. Nor does this court find from the legislative history congressional intent to create a private remedy under Section 1344. *See* 1984 U.S.Code Cong. and Admin.News, pp. 3517–3519.

In the present action, the bank has an available remedy for the conduct alleged: an action for fraud. There is no need to create a new federal remedy by employing a private right of recovery under these criminal statutes. Since the bank has no private cause of action under Section 1344 or Section 1014 which would confer jurisdiction on this court pursuant to 28 U.S.C. Section 1331, Chicago Fleet's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) is granted.