**Arleamon SADLER, Jr.,
Plaintiff–Appellant,**

v.

**CITIBANK, N.A., Defendant–Appellee.**

No. 232, Docket 91–7521.

United States Court of Appeals,
Second Circuit.

Submitted Oct. 21, 1991.
Decided Oct. 22, 1991.

Arleamon Sadler, Jr., pro se.

Roy B. Oser, New York City (Joseph L. Buckley, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, P.C., of counsel), for defendant-appellee.

Before TIMBERS, WINTER and WALKER, Circuit Judges.

PER CURIAM:

Arleamon Sadler, Jr., *pro se*, appeals from Judge Lowe's dismissal of his complaint for lack of subject-matter jurisdiction. Sadler's complaint alleged that there had been a "breach of security" at Citibank, N.A., in violation of 12 C.F.R. § 327 (1991). Although he alleged in conclusory fashion that he had been financially harmed by this breach, the fact of any actual loss is anything but clear from the face of the complaint. Nevertheless, the complaint unambiguously sought damages of one billion dollars. (Exhibit B to plaintiff's brief).

Soon after filing his complaint, Sadler wrote a letter to Judge Lowe, requesting a meeting "to eliminate irregularities in the handling of papers pertaining to this case." A hearing was held on April 10, 1991. At this hearing, Judge Lowe learned that the basis for Sadler's complaint was the alleged failure of Citibank to credit a transfer of money from Sadler's checking account to his "ready credit" account after Sadler attempted to make this transfer at an automatic teller machine. Judge Lowe also determined that Sadler sought enforcement of 12 C.F.R. § 326, a regulation that deals with a host of security methods and devices for federally insured banks, such as alarms, locks, bait money, specifications for night depositories, and so forth. Judge Lowe dismissed the complaint for lack of subject-matter jurisdiction on the ground that the regulation in question did not create a private cause of action. Sadler appeals.

Title 12 C.F.R. § 326 was promulgated pursuant to the Bank Protection Act of 1968, 12 U.S.C. §§ 1881–84 (1988). It contains no express private right of action. We must, therefore, determine whether the Act creates an implicit private right of action. In *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), the Supreme Court identified four questions relevant to such an inquiry: (i) "[D]oes the statute create a federal right in favor of the plaintiff?"; (ii) "[I]s there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one?"; (iii) "[I]s it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?"; and (iv) "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" *Id.*

The pertinent answers to these questions preclude the implying of a private remedy for a violation of either the statute or regulation. *Accord Krupnick v. Union Nat'l Bank,* 470 F.Supp. 1037 (W.D.Pa.1979). The Bank Protection Act's purpose was "reducing the rising number of robberies which have plagued banks and savings and loan associations." S.Rep. No. 1263, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 2530, 2530. There is no indication of any intent on Congress's part to create such a private remedy. Indeed, the Act contains an enforcement mechanism, namely the collection of civil penalties from banks that violate the rules promulgated pursuant to the Act. 12 U.S.C. § 1884 (1988). Nor would it be consistent with the purposes of the Act to imply a private remedy. The Act is not intended to protect individual depositors. Rather, it is designed to prevent theft that would deplete federal insurance funds and to aid law enforcement officials in apprehending perpetrators. S.Rep. No. 1263, *reprinted in* 1968 U.S.C.C.A.N. at 2530. Finally, if Sadler has been harmed by Citibank's mismanagement of his accounts, an appropriate state action would redress any harm. We affirm.