1998 ME 263

**Wendy GOODWIN**

v.

**SCHOOL ADMINISTRATIVE DISTRICT NO. 35.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1998.
Decided Dec. 11, 1998.

Charles P. Piacentini (orally), Murry, Plumb & Murray, Portland, attorney for the plaintiff.

Eric R. Herlan (orally), Drummond, Woodsum & MacMahon, Portland, attorney for the defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Wendy Goodwin appeals from the judgment of the Superior Court (York County, *Perkins, A.R.J.*) dismissing her complaint to recover attorneys' fees [1] and costs incurred during special education proceedings regarding her son. Because we conclude that no cause of action exists in Maine law for such fees, we affirm.

## I. Background

[¶ 2] Wendy Goodwin is a resident of Eliot and the mother of a student attending Marshwood Junior High School during the 1996–97 school year. Her son qualified as both an "exceptional student" within the meaning of 20–A M.R.S.A. § 7001(2) (1993) [2] and as a "student with a disability" within the meaning of section 3 of the Maine Special Education Regulations, Chapter 101. [3] Maine

---

1. Federal education statutes use the term "attorneys' fees" and for consistency we adopt that term herein.

2. An "exceptional student" is an individual who: "[h]as reached 5 years of age on or before October 15th;" "[h]as not reached 20 years of age at the start of the school year;" and requires special education because of an impairment in one or more of the following: vision; hearing; speech and language; cerebral or perceptual functions; physical mobility functions; behavior; or mental development. 20–A M.R.S.A. § 7001(2).

3. A "student with a disability" is defined by rule as a person who:

> [h]as reached the age of 5 years on or before October 15; ... [h]as neither graduated from a secondary school program nor reached 20 years of age at the start of the school year; and ... [h]as a disability which adversely affects the student's educational performance and requires the provision of special education services in order that the student may benefit from an elementary or secondary educational program.

*Me. Dep't Ed. Reg. ch. 101 § 3.1.*

Administrative District No. 35 (the "District") is the local education agency responsible for providing a free appropriate public education to children in Eliot. See 20–A M.R.S.A. § 1001(8).

[¶ 3] During the 1996–97 school year, the boy's education was governed by an Individualized Education Plan (the "Plan") aimed at addressing his special needs. Despite the existence of the Plan, he continued to struggle academically throughout the school year. To address the continuing problems, Goodwin requested that the Department of Education (the "Department") appoint a hearing officer and convene an administrative due process hearing regarding his Plan and placement. See 20–A M.R.S.A. § 7207–B.

[¶ 4] At the mandatory prehearing mediation session, the parties failed to reach an agreement on a revised program for Goodwin's son. Goodwin alleges, however, that the District later proposed a specific educational program for him and that after some negotiation, the parties reached a final verbal agreement on a program, thereby resolving their dispute. She subsequently notified the Department and the hearing officer of the settlement agreement and canceled the hearing. Goodwin contends that the District then breached the settlement agreement and refused to provide her son with several of the agreed upon services. Because too little time remained before the beginning of the school year to enforce the agreement through litigation, she enrolled him in a private school specializing in instruction of students with disabilities.

[¶ 5] Goodwin next sought recovery of her attorneys' fees and costs by presenting the District with a request for reimbursement of $4,725 in attorneys' fees, $52 in paralegal fees, expert witness fees of $590.60, and related expenses of $250.36 which she claimed to have incurred in connection with her request for a due process hearing. The District denied Goodwin's request, and she filed suit in the Superior Court against the District, seeking to recover those fees and expenses.

[¶ 6] The District removed the case to the United States District Court, arguing that Goodwin's complaint presented a federal question because it sought attorneys' fees and costs pursuant to the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1487 (1990 & Supp.1998), specifically, 20 U.S.C. § 1415(i)(3)(B). Goodwin moved to remand the case to state court asserting that she did not seek recovery under any federal law and that her complaint alleged only a state law cause of action. The United States District Court remanded the matter to the Superior Court, and the District filed a motion to dismiss, arguing that there exists no state law cause of action for attorneys' fees and therefore that her complaint failed to state a claim upon which relief could be granted.[4] The Superior Court granted the motion to dismiss and this appeal followed.

## II. Discussion

[¶ 7] Goodwin alleges that by virtue of obtaining the settlement agreement, she became a "prevailing party" within the meaning of section 11.13(B) of Maine Special Education Regulation, Chapter 101, and is therefore entitled to recover her reasonable attorneys' fees and expenses through a civil suit in the Superior Court. Although she does not dispute that she could have brought her action under federal law, she asserts that Maine's special education laws and the regulations promulgated by the Department pursuant to those laws have created an analogous state law cause of action.

[¶ 8] Because the matter is before us on appeal from the judgment on a motion to dismiss, we treat the allegations of the complaint as admitted. See McAfee v. Cole, 637 A.2d 463, 465 (Me.1994). We assume for purposes of this appeal that Goodwin did incur attorneys' fees and expenses in the context of the administrative hearing process, that the parties reached a prehearing settlement, and that Goodwin "prevailed" in that settlement. We will affirm the judgment only if it appears beyond doubt that Goodwin is entitled to no relief. See Bowen

---

4. The District also argues that Goodwin failed to exhaust her administrative remedies. Because no administrative remedies exist, we do not reach that argument.

*v. Eastman*, 645 A.2d 5, 6–7 (Me.1994). Because Goodwin has brought her claim under Maine law, she will be entitled to relief only if there exists in Maine law a cause of action for attorneys' fees in this context.

## A. Federal Claim

[¶ 9] We first address the applicable federal law. Any state receiving federal funds for education pursuant to the IDEA must meet federal eligibility standards. *See* 20 U.S.C. §§ 1412, 1414. Maine has chosen to receive those funds. Pursuant to the IDEA, every disabled child has a right to an Individualized Education Plan, developed and reviewed at least yearly according to the child's individual needs. *See* 20 U.S.C. § 1414(d)(2)(A), (d)(4) (1990 & Supp.1998).[5] The Plan establishes the individual services, goals, and educational placement available to a disabled child for that given year. *See* 20 U.S.C. § 1414(d)(1)(A). A family that is dissatisfied with the Plan may challenge that decision through an administrative hearing. *See* 20 U.S.C. § 1415(f)(1).

[¶ 10] Among the requirements placed on each participating state is the necessity for the state to establish certain procedural safeguards. Those safeguards include the right to an administrative hearing if the parents disagree with their child's IEP and the right to appeal from the order of the hearing officer. If a family prevails at the administrative hearing, the IDEA provides for the recovery of attorneys' fees by that family. Jurisdiction for actions to recover attorneys' fees is in the "district courts of the United States." 20 U.S.C. § 1415(i)(3)(A).[6] "In any action or proceeding under this section, the

court, in its discretion may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). While the IDEA requires that a family be allowed to challenge the administrative hearing results regarding the child's Plan in either state or federal court, *see* 20 U.S.C. § 1415(i)(2)(A), there exists no federal requirement that a state receiving federal educational funds provide a state court cause of action for attorneys' fees.

## B. State Law

[¶ 11] To satisfy its obligations under the IDEA and receive federal education funding, Maine enacted its own special education statutes at 20–A M.R.S.A. § 7001–7503 (1993 & Supp.1998). According to the statutory scheme, the Department formulates policy and enforces the regulatory requirements of school administrative units. *See* 20–A M.R.S.A. § 401–A (1993). The Department's Commissioner is expressly authorized to adopt rules and procedures to protect the due process rights of exceptional students. *See* 20–A M.R.S.A. §§ 7204(5)(A), 7207–B(1). Nowhere in the special education laws, however, is a cause of action for attorneys' fees explicitly addressed or created. We must determine therefore whether a cause of action for attorneys' fees can be implied from the language of the statute.

■ [¶ 12] We have historically applied an approach developed in federal law to determine when a cause of action may be judicially implied from a statute that does not expressly create one.[7] *See Larrabee v. Penobscot*

---

5. The IDEA was re-authorized in full by Congress, effective June 4, 1997. Congress again re-authorized the statute with certain amendments, effective July 1, 1998. Because the this proceeding focuses on the existence *vel non* of a state law cause of action, neither party has addressed the differences in the federal act. For consistency, we refer to the 1998 version throughout this opinion. Because the federal act has never required that states create a state law cause of action for attorneys' fees, the differences in the enactments are not determinative of the outcome here.

6. The federal attorneys' fees provisions have been interpreted as authorizing the award of

attorneys' fees to parents who "prevail" at an administrative hearing or through settlement agreements. *See Shelly C. v. Venus Independent School District*, 878 F.2d 862, 864 (5th Cir.1989).

7. This approach evolved from a test, first articulated by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), that emphasizes legislative intent. Whether the Cort v. Ash approach to determining when a cause of action may be implied from a statute remains compelling authority in federal jurisprudence is unclear. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–76, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *Park Nat'l Bank of Chicago v. Michael Oil Co.*,

*Frozen Foods, Inc.*, 486 A.2d 97, 101 (Me. 1984). To determine whether a cause of action may be implied, we examine: (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one; (3) whether it is consistent with the underlying legislative scheme to imply such a remedy; and (4) whether the cause of action is one traditionally relegated to one jurisdiction rather than another. *See Larrabee*, 486 A.2d at 101 (citing *Cort*, 422 U.S. at 78, 95 S.Ct. 2080).

[¶ 13] Here, however, because we are reviewing the statutes to determine whether the Legislature intended to create a private cause of action for attorneys' fees, we must be mindful of the unusual status of claims for attorneys' fees. It is well settled that Maine courts have no authority to award such fees in the absence of express statutory authorization or agreement by the parties. *See Poussard v. Commercial Credit Plan*, 479 A.2d 881, 883 (Me.1984). Because of the unique nature of attorneys' fees, "a statutory right to recover attorney's fees will be found only in the clearest kind of legislative language." *Vance v. Speakman*, 409 A.2d 1307, 1311 (Me.1979) (emphasis added).[8] Accordingly, a cause of action for attorneys' fees cannot be implied from legislative intent and must be articulated in unmistakable terms.

[¶ 14] Even if we were to apply the *Larrabee* analysis, we would conclude that the Legislature has not created a statutory right to recover attorneys' fees in this context. Nothing in Maine's special education laws evidences an intent to create a separate cause of action in state courts. Claims for attorneys' fees in these matters have traditionally been made in the federal courts. The federal laws on point provide specific guidance for the federal district courts in adjudicating disputes over fees. *See, e.g.*, 20 U.S.C. § 1415(i)(3)(A)–(G). The IDEA does not require states to take action to allow such claims in their courts. The federal courts have both the legislative guidance and the resources necessary to address parental claims for attorneys' fees. In the absence of legislative consideration of these issues, we would not imply a legislative intent to create a similar cause of action in the Maine courts.

[¶ 15] Recognizing the lack of any clearly expressed intent to create a state law cause of action for attorneys' fees, Goodwin refers us to the recent enactment of legislation limiting the circumstances under which a parent may recover attorneys' fees incurred during a due process hearing. *See* 20-A M.R.S.A. § 7207–B(3–A).

> 3–A. **Notice to local school units....**
> The parent, surrogate parent or guardian *is barred from recovering attorney's fees* in any subsequent action or proceeding if it is determined that the parent, surrogate parent or guardian unreasonably protracted the controversy by failing to raise that controversy first with the local school administrative unit before initiating the subsequent action or proceeding.

*See id.* (Emphasis added).[9]

[¶ 16] We addressed the argument that a claim for attorneys' fees may not arise out of a negative implication in *Vance v. Speakman*, 409 A.2d 1307, 1311 (Me.1979).[10] In declining to imply a cause of action, we concluded

---

702 F.Supp. 703, 704 (N.D.Ill.1989). We, however, continue to apply the approach articulated in *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 101 (Me.1984), focusing primarily on legislative intent.

**8.** Similarly, in *Thiboutot v. State*, 405 A.2d 230, (Me.1979), aff'd. 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1(1980), we concluded that "Maine state courts have no authority to include attorney's fees as part of costs *in the absence of statutory authorization* or agreement of the parties." *Id.* at 238 (emphasis added). In *Thiboutot*, in contrast to the proceeding before us, the litigant sought attorneys' fees pursuant to the applicable provision of the federal law, and we concluded

that the litigant was entitled under 42 U.S.C. § 1988 to seek attorneys' fees in state court. *Id.* at 239. Goodwin, however, has expressly disavowed any claim to attorneys' fees under the federal statute on point, choosing instead to assert an independent cause of action for fees under Maine law.

**9.** These limitations are similar to the limitations now set out in the federal laws. *See* 20 U.S.C. § 1415(i)(3)(F)(i)–(iv) (1990 & Pamph.1998).

**10.** At that time, the only support for an award of attorneys' fees arising from the Maine Human Rights Act arose from the following language:

that where the language of the applicable provision only denied attorneys' fees, no claim to fees had been created. *See id.* at 1311–12. Because the "clearest kind of legislative language" is necessary to create a right to recover attorneys' fees, no right can be created by negative implication. *Id.*

[¶ 17] Similarly, Goodwin's argument that 20–A M.R.S.A. § 7207–B(3–A) creates a cause of action for such fees fails. Indeed, the circumstances here are similar to those that we confronted in *Vance.* Here, as there, the companion federal law explicitly contains the right to recover fees, and yet the Legislature has not created a similar right in Maine law. Having long adhered to the rule that any claim for attorneys' fees must arise from explicit affirmative statutory language, we decline to infer such a right from the general language of a statute of negative inference.

### III. Maine's Special Education Rules

■ [¶ 18] We turn next to Goodwin's argument that the State's Special Education Rules create a cause of action in Maine courts for her attorneys' fees. The creation of a private cause of action through rulemaking will be found only where there exists clear statutory authority for the adoption of such a rule, and where the rule sets forth its intent to establish a cause of action with equal clarity. *See Hottentot v. Mid–Maine Medical Center,* 549 A.2d 365, 368 (Me.1988) ("... We will recognize a private cause of action to enforce a statute only where the legislative intent to create such a remedy is clear. The same standard should apply to regulations ..."); *see also Sadler v. Citibank,* 947 F.2d 642, 643–44 (2d Cir.1991) (where federal regulation lacks an express private right of action, federal courts focus on the statute's legislative intent). Again, because this claim involves the right to recover attorneys' fees, only where the enabling legislation is explicit and the ensuing rule is equally explicit would we consider the authority to have been sufficient to confer jurisdiction upon the courts.

If the plaintiff fails to allege and establish, to the satisfaction of the court, that he or she or someone acting on his or her behalf filed a complaint with the commission at least 30 days prior to the filing of his or her civil action, then except in extraordinary cases, to prevent irreparable injury or where good cause is shown, the action shall be heard in its ordinary course on the docket, and the plaintiff *should not be granted attorneys' fees nor exemplary damages.*

5 M.R.S.A. § 4622 (1979) (emphasis added).

■ [¶ 19] In addition to the absence of explicit statutory authorization for the promulgation of a rule establishing a cause of action for attorneys' fees, the rule itself lacks any explicit language authorizing a cause of action in State courts. The rule addresses attorneys' fees as follows:

Private expenses of hearing—Reasonable attorneys' fees incurred by a parent related to a special education hearing shall be the responsibility of the administrative unit when the parent prevails in the special education hearing *and when ordered by a court of appropriate jurisdiction,* or when an out-of-court settlement has been agreed to by both parties.

Me. Dep't of Ed. Chapter 101 § 11.13(B) (emphasis added). While the rule acknowledges the parents' right to recover attorneys' fees when ordered by a "court of appropriate jurisdiction," nothing in its language creates a cause of action *in Maine courts* for the award of those fees. To the contrary, the phrase "court of appropriate jurisdiction" is a distinct reference to jurisdictional authority delineated elsewhere. It does not express an intent to create jurisdiction in any specific court and is most logically a reference to the federal court's jurisdiction to entertain attorneys' fees claims. The rule does not contain the kind of clear language necessary to empower either the Maine District Court or Superior Court to entertain such a claim.[11]

11. Had the Legislature or the Commissioner intended to create a cause of action in Maine courts, the language of the statute or rule would certainly have more clearly identified the "court of appropriate jurisdiction," District or Superior, or would have created an administrative hearing process for resolving disputes over attorneys' fees which could then be appealed in due course to the Superior Court.

[¶ 20] A federal cause of action exists for attorneys' fees. No other relief is required by federal law or authorized under Maine law. The Superior Court did not err when it determined that Goodwin failed to state a cause of action.

The entry is:

Judgment affirmed.

