STATE OF MAINE
CUMBERLAND, ss. ·

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

SEP 22  8 33 AM '00

SUPERIOR COURT
Civil Action
Docket No. CV-99-289

PAUL & PAMELA CHARETTE,                    )
                                           )
          Plaintiffs,                      )
                                           )
v.                                         )
                                           )
DAVID & HELEN TWOMBLY,                     )
EARL RICHARDS, and                         )
MARYLEE IVEY                               )
                                           )        **DECISION AND ORDER**
          Defendants/Third-Party Plaintiffs,  )
                                           )
v.                                         )
                                           )
MANOR, INC. d/b/a/ CENTURY 21              )
FIRST CHOICE REALTY and                    )
MICHAEL & VICKY JOY                        )
                                           )
          Defendants/Third-Party Defendants.  )

## FACTUAL BACKGROUND

Michael and Vicky Joy, licensed real estate brokers, formerly worked for Manor, Inc., a real estate brokerage (collectively referred to as "Brokers"). The Brokers listed certain real property owned by David and Helen Twombly, Earl Richards, and Marylee Ivey (collectively referred to as "Sellers") for sale pursuant to an exclusive listing agreement. After the Sellers provided certain information to the Brokers relating to the condition and characteristics of the property, the Brokers prepared a disclosure form for the purpose of presenting the Sellers' disclosures to prospective buyers. The Brokers included in the disclosure form a statement that the property had a right of way to Sebago Lake which was false. The Brokers never

1

provided the Sellers with a copy of the disclosure form for review, obtained the Sellers' signatures on the form or obtained the Sellers' authorization for disclosure of the statements. The Plaintiffs Paul and Pamela Charette ("Buyers") bought the property, relying on the erroneous disclosures in deciding to purchase.

Plaintiffs filed a complaint in Superior Court against Sellers on May 14, 1999 seeking damages, including attorneys' fees and costs. Plaintiffs' complaint was later amended to include the Brokers as defendants. Count IX of Plaintiffs' ten-count amended complaint alleges that the Brokers made numerous statements and omissions in connection with the Plaintiffs' purchase of the property in violation of the Maine Unfair Trade Practices Act ("UTPA") and seeks attorneys fees and costs. Sellers' third-party complaint against Brokers alleges negligence, Count I, and breach of fiduciary duty, Count II. Under Count II, Sellers are seeking forfeiture of the Brokers' commission and attorneys' fees and costs. Sellers' amended third-party complaint also alleges in Count III that because they have been sued due to the Brokers' breach of their duty of care to the Plaintiffs, the Sellers are entitled to reasonable attorneys' fees and costs under the *tort of another* doctrine. The Brokers filed two motions for partial summary judgment. The first motion seeks judgment on Count IX of Plaintiffs' amended complaint as well as all of Plaintiffs' claims for attorneys' fees. The Brokers' second motion seeks partial summary judgment on the Sellers' claims for forfeiture of the Brokers' commission and attorneys' fees.

## DISCUSSION

I. Maine Unfair Trade Practices Act

2

Real estate brokers are not immune from liability under the Maine Unfair Trade Practices Act. UTPA declares unlawful "deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S.A. § 207 (1989). A private individual who has lost money or property as a result of a violation of this section may maintain an action to enforce liability. See 5 M.R.S.A. § 213 (1989 & Supp. 1999). Relying on First of Maine Commodities v. Dube, 534 A.2d 1298 (Me. 1987), the Brokers contend that because the Maine Real Estate Commission regulates brokers' activities, real estate brokers cannot be exposed to liability under the Maine Unfair Trade Practices Act.

In Dube, the defendant owners signed an "exclusive right to sell" listing agreement with the plaintiff broker. See id. at 1299. When the owners refused to pay the brokers' commission provided under the listing agreement, even though a ready, willing and able buyer had been produced, the brokers brought suit to recover that commission. See id. at 1299-1300. The owners counterclaimed for rescission of the listing agreement and for attorneys' fees under the Consumer Solicitation Sales Act[1], 32 M.R.S.A. §§ 4661-4670 (1978 & Pamph.1986), and the Unfair Trade Practices Act, 5 M.R.S.A. § 213 (1979 & Supp.1987). See id. at 1300. The Solicitation Sales Act incorporates UTPA by reference, and any violation of the Solicitation Sales Act is also a violation of UTPA. See 32 M.R.S.A. § 4670; Dube, 534 A.2d at 1301.

The Dube Court held that exclusive listing agreements between licensed

---

[1] The Maine Solicitation Sales Act allows a consumer to void a sales contract under certain conditions and requires any contract falling within its terms to include a statement of the consumer's right to avoid. See 32 M.R.S.A. §§ 4662-63.

brokers and sellers of real estate do not come within the scope of the Maine Solicitation Sales Act and UTPA. See id. at 1301-02. This conclusion was based on UTPA § 208, which excepts from its scope "[t]ransactions or actions otherwise permitted under laws as administered by any regulatory board." 5 M.R.S.A. § 208 (1); Dube, 534 A.2d at 1301. Noting that the Maine Real Estate Commission regulates the sales efforts of licensed brokers, particularly exclusive listing agreements, the Law Court accordingly determined that such activities fall outside the scope of the Solicitation Sales Act and UTPA. See id at 1301-02.

The Brokers' attempt to broaden the narrow holding in Dube to support the proposition that real estate brokers are immune from liability under UTPA is inconsistent with Binette v. Dyer Library Association, 688 A.2d 898 (Me. 1996). In Binette, purchasers of a home sued brokers on claims of negligent misrepresentation and under UTPA for omitting to tell them of the existence of a 3000-gallon underground oil tank under the property. See id. at 901. The Law Court reversed the summary judgment entered for the brokers on the UTPA claim, holding that whether the brokers' breach of their duty to disclose is an unfair or deceptive practice is a question of fact for the consideration of the factfinder. See id. at 907. Because the Brokers are not immune from liability under UTPA, summary judgment is inappropriate.

II. Forfeiture

The Brokers are entitled to summary judgment on the issue of forfeiture of their commission because they did not breach a fiduciary duty. "A real estate broker,

as an agent for the seller of real estate, has a fiduciary duty to the seller with respect to matters within the scope of the agency." Goldberg Realty Group v. Weinstein, 669 A.2d 187, 190 (Me. 1996). An agent's fiduciary duties may be broadly described as "duties of service and obedience, and duties of loyalty." Desfosses v. Notis, 333 A.2d 83, 87 (Me. 1975). The duty of loyalty requires the agent to "act solely for the benefit of the principal in all matters connected with his agency." RESTATEMENT (SECOND) OF AGENCY § 387 (1958). As agents, brokers forfeit all rights to a commission if they breach their fiduciary duty of loyalty. See Goldberg, 669 A.2d at 190-91 (failure to disclose agreement to pay prospective purchaser one half of the broker's commission amounted to a breach of a fiduciary duty); Devine v. Hudgins, 163 A. 83, 84 (Me. 1932) (failure to disclose secret agreement with another broker to pool and split commission breached duty of loyalty). The Brokers' failure to disclose correct information or secure the Sellers' authorization on the disclosure form does not amount to a breach of a fiduciary duty. Not every violation of a duty by a broker is a breach of a fiduciary duty. See RESTATEMENT (SECOND) AGENCY § 13 cmt. a (1958).[2]

---

2 This comment states

> Among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. These duties and the resulting liabilities...are stated more fully in Sections 387-431.

The sections on fiduciary duties referred to concern only the duties of loyalty. See

Because no evidence of a conflict of interest exists, forfeiture of the Brokers' commission is inappropriate.

III. Attorneys' Fees

Sellers are not entitled to attorneys' fees and costs under the *tort of another* doctrine. Attorneys' fees are ordinarily not recoverable unless there exists express statutory or contractual authority. See Goodwin v. School Administrative District No. 35, 1998 ME 263, ¶ 13, 721 A.2d 642, 646. However, where the wrongful act of a defendant has involved the plaintiff in litigation with others or has required him to incur expense to protect his interest, such costs and expenses including attorneys' fees are recoverable as damages. See Gagnon v. Turgeon, 271 A.2d 634, 635 (Me. 1970). An exception to this rule exists when such attorneys' fees are incurred in litigation between persons "in privy to the contract agreement or events through which the litigation arises." Id. at 635-36 (citing Armstrong Construction Co. v. Thomson, 64 Wash. 2d 191, 390 P.2d 976).

Maine courts have never expressly defined the phrase "in privy" in this context. The interpretation given by Washington courts, the source of the exception, clarifies the meaning of this phrase. For a plaintiff to avoid falling within the "in privy" exception to the doctrine, those courts require the original suit generating the expenses to be brought or defended by a third party not connected with the original transaction or wrongful act. See Manning v. Loidhamer, 538 P.2d 136, 138 (Wash. Ct. App. 1975) (holding the State of Washington was not entitled to

---

RESTATEMENT (SECOND) AGENCY §§ 387-398.

recover attorneys' fees because it was connected to the original wrong). In other words, the third person must be a stranger to the event. See id. at 139.

The Washington courts have adopted a three-element formula to determine whether one is entitled to attorneys' fees under this equitable doctrine: (1) a wrongful act or omission by A toward B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the wrongful act or omission of A toward B. See Brock v. Tarrant, 789 P.2d 112, 116-17 (Wash. Ct. App. 1990); Manning, 538 P.2d at 139. In the present case, the Brokers (A) wrongfully misrepresented the existence of a right of way to the Buyers (B). This wrong involved the Buyers in litigation with the Sellers (C). However, the Sellers were "in privy" to the wrongful act of the Brokers toward the Buyers by virtue of the agency relationship.

A real estate broker is an agent for the seller of real estate. See Goldberg, 669 A.2d at 190. The seller of real estate is therefore liable for misrepresentations made by his broker within the scope of the broker's authority whether or not the seller had knowledge of the misconduct. See Crowley v. Dubuc, 430 A.2d 549, 552 (Me. 1981) (holding vendor wife, whose husband acted as her agent during negotiations for the sale of a home, was jointly liable with her husband for the damages incurred by the buyers due to the husband's misrepresentations). Because of the agency relationship, any misrepresentations or unauthorized representations of the Brokers are imputed to the Sellers. See DiCentes v. Michaud, 1998 ME 227, ¶ 11, 719 A.2d 509, 513; RESTATEMENT (SECOND) OF AGENCY §§ 162, 257 (1958). Because the

Sellers are therefore not an unconnected third party, the *tort of another* doctrine is inapplicable and attorneys' fees are inappropriate.

The entry is

Third-Party Defendants' Motion for Partial Summary Judgment on Count IX is DENIED. Third-Party Defendants' Motion for Partial Summary Judgment as to forfeiture of commission and attorneys' fees is GRANTED.

Dated at Portland, Maine this 21st day of September, 2000.

Robert E. Crowley
Justice, Superior Court

8

Date Filed __05/14/99__ _____CUMBERLAND_____ Docket No. __CV99-289__
County

Action _____CONTRACT_____

PAUL CHARETTE                DAVID A. TWOMBLY
PAMELA CHARETTE             HELEN M. TWOMBLY
                            EARL R. RICHARDS
DONALD L. GARBRECHT
LAW LIBRARY

OCT 11 2000
                            MARY LEE IVEY
                                VS
                            MICHAEL JOY AND VICKY JOY
                            MANOR, INC. dba CENTRY 21 FIRST CHOICE
                   VS.      REALTY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GREGORY R. SMITH, ESQ.   879-9440<br>P. O. BOX 7740<br>PORTLAND, MAINE  04112 | RONALD GRAFF, ESQ   642-2888 (A11)<br>PO BOX 1815, STANDISH ME 04084<br><br>              withdrew 9-24-99<br>BRENDA BUCHANAN ESQ    (JOYS T/P DEF)<br>57 EXCHANGE STREET<br>PORTLAND ME 04101-5020  772-1262<br><br>ELIZABETH STOUDER ESQ(Manor Inc & Joys)<br>PO BOX 9545 PORTLAND 04112   774-7474 |

| Date of Entry | |
|---|---|
| 1999<br>May 17<br>"""  """ | Received 05/14/99:<br>Complaint Summary Sheet filed.<br>Complaint Title to Real Estate Involved with exhibits A-C filed. |
| June 01<br><br>"   " | Received 05-28-99:<br>Summonses filed.<br>Helen Twombly served to David Twombly, husband on 05-25-99.<br>David Twombly served on 05-25-99. |
| June 23 | Received 06-22-99:<br>Summons and Affidavit of Service filed.<br>Mary Lee Ivey served on 06-15-99. |
| July 01 | Received 07-01-99:<br>Defendants Answer filed. |
| July 12: | Received 7-12-99.<br>Scheduling Order, filed. (Cole, J.)<br>    Scheduling Order filed.  Discover deadline is March 12, 2000.<br>Copies mailed Gregory Smith, Esq. and Ronald Graff, Esq. on 7-12-99. |
| July 21 | Received  7-20-99.<br>Defendants' Notification of Discovery Service filed.<br>  Defendants (all) response to plaintiff's first request for production of document and first request for production of documents served on William H. Leete, Jr., Esq. on 7-19-99. |
| July 22<br><br>"""" | Received 7.21.99:<br>Plantiffs' Paul  and  Pamela  Charette's  Notice  of Demand for Trial by Jury filed.<br>$300.00 Jury fee paid. |