STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. CV-98-162
                                        DHM – KEN – 3/12/2001

MICHAEL LESSARD
and TINA LESSARD,

        Plaintiffs

    v.                                  DECISION AND ORDER

ALLSTATE INSURANCE
COMPANY,

        Defendant


This matter is before the court on opposing motions for summary judgment. The underlying action arises out of a fire loss at the residence of the plaintiffs in September, 1996, at a time when they had a contract of insurance with the defendant to cover such a loss. Defendant refuses a claim based upon its assertion that plaintiffs were responsible for intentionally causing the fire.

Count I of the complaint is an action on the contract of insurance seeking recovery for the full value of the loss of the real estate and personal property. Count II seeks recovery from the defendant for making late payments in violation of the Insurance Code, 24-A M.R.S.A. § 2436. Count III seeks counsel fees due to defendant's late payments. Count IV seeks recovery in accordance with 24-A M.R.S.A. § 2164-D and E, Unfair Claims Practices. Count V seeks recovery under the Unfair Trade Practices Act.

Defendant has moved for partial summary judgment on counts II, III, IV and V of the complaint, on grounds that the counts failed to state a claim upon which

relief can be granted or, in the alternative, there is genuine issue of material fact and defendant is entitled to judgment of law. Plaintiffs have moved for partial summary judgment on counts I and IV of its amended complaint. Previously, this court denied plaintiffs' motion to amend count IV of its complaint to add a cause of action for unfair claims settlement in accordance with 24-A M.R.S.A. § 2436-A(1)(2).

The fire which consumed the residence of the plaintiffs was discovered within "some" minutes after the plaintiffs left the premises. Persons on the scene "some" minutes later, discovered the home engulfed in flames. Mr. Lessard left the premises "some" minutes before Mrs. Lessard. The professional investigation opines the exclusion of unintentional causes of the fire. There is clearly many genuine issues of material fact to be determined including, but not limited to, substantial issues of credibility of the parties and the expert witnesses. "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The court cannot decide an issue no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME ---, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). Plaintiff's motion for summary judgment on count I must be denied.

Title 24-A M.R.S.A. § 2164-D was completely rewritten in 1997 pursuant to P.L. 1997, ch. 634, § A-1. These amendments had an effective date of June 30, 1998. The fire in this case occurred on September 3, 1996, and the complaint in this action

2

was filed on June 23, 1998. Thus, both of these events occurred before the effective date of the amendments. Pursuant to 1 M.R.S.A. § 302 (1989), "[a]ctions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby." The Law Court has found that this statute "indicates the Legislature's intent that statutes be given prospective application absent express statutory intent to the contrary." *Portland v. Fishermans Wharf Associates*, 541 A.2d 160, 163 (Me. 1988). The legislative history for the 1997 amendments to section 2164-D provides nothing to indicate an intent on the part of the Legislature for those amendments to be applied retroactively. Thus, the version of section 2164-D in effect prior to those amendments (the "old version") is applicable to this case.

Allstate argues that violations of section 2164-D do not give rise to a private cause of action and therefore, plaintiffs' claim under that section must be dismissed. Plaintiffs argue that under the old version of the statute, there was nothing which precluded a plaintiff from asserting a private cause of action under that provision. They claim that it was not until the 1997 amendments that the Legislature imposed a restriction of the right to bring a private cause of action. They note that the focus is on whether a cause of action should be judicially implied from the statute and that decision is based on legislative intent. (*See Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 101 (Me. 1984)). They argue that the intent to create a private right of action be inferred from the fact that the statute does not contain a statement to the contrary like the current version does.

The Law Court has adopted an approach developed in federal law to determine when a cause of action may be judicially implied from a statute that does not expressly create one. *Goodwin v. School Administrative District No. 35*, 1998 ME 263, ¶ 12, 721 A.2d 642, 645-46 (citing *Larrabee*, 486 A.2d at 101). To determine whether a cause of action may be implied, the court examines:

> (1) whether plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one; (3) whether it is consistent with the underlying legislative scheme to imply such a remedy; and (4) whether the cause of action is one traditionally relegated to one jurisdiction rather than another.

*Id*. ¶ 12, 721 A.2d at 646 (citing *Larrabee*, 486 A.2d at 101). In applying this test, the Law Court has "focus[ed] primarily on legislative intent." *Id*. ¶ 12, 721 A.2d at 646 n.7.

The version of section 2164-D in effect at the time of the fire and the filing of the complaint stated in relevant part:

> 1. **Unfair practices.** Any of the following activities by an insurer, if committed without just cause and performed with such frequency as to indicate a general business practice, constitutes unfair claims settlement practices. *The Superintendent of Insurance shall investigate and determine if the insurer engaged in any of the following activities* . . .

24-A M.R.S.A. § 2164-D(1) (1990) (emphasis added). The only reasonable interpretation of this language is that the Superintendent of Insurance was the person entitled to enforce the provisions of section 2164-D. This interpretation is supported by the legislative history of the old version of section 2164-D. In 1987, the Legislature first enacted sections 2164-D and 2436-A. The Statement of Fact for these

4

new provisions states that section 2164-D "delineates the circumstances in which the Bureau of Insurance is empowered to investigate and exercise disciplinary measures," and section 2436-A "outlines the circumstances when the insured has a private right of action against the insurer." L.D. 1696, Statement of Fact (113th Legislature 1987). This legislative history clearly indicates that section 2164-D was not intended to create a private cause of action. Thus, this court cannot imply such from the statute.[1] Allstate is entitled to summary judgment on count IV of the complaint because plaintiffs are not entitled to bring a private cause of action for violations of section 2164-D.

Defendant further argues that it is entitled to summary judgment on count V of the complaint, violation of the Unfair Trade Practices Act, because the Act is inapplicable to insurers pursuant to section 208(1) of the Act. Section 208(1) states:

> Nothing in this chapter shall apply to:
> 1.     **Regulatory Boards.** Transactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the State or the United States; . . .

Plaintiffs argue that giving this exception the interpretation argued for by Allstate would "essentially eviscerate the UTPA to the point where it could never be

---

[1] The 1997 amendments to section 2164-D also support the conclusion that section 2164-D does not create a private cause of action. The amendments were part of an "Act To Clarify the Laws Concerning Claims Settlement Practices" and specifically adopted a provision which states: "This section may not be construed to create or imply a private cause of action for violation of this section." 24-A M.R.S.A. § 2164-D(8) (2000). The legislative history for these amendments states:

> The intent of the law is to provide a regulatory framework for the Bureau of Insurance to act in those cases where unfair claim practices arise. The law does not create a private right of action nor is it intended to create an alternate mechanism to adjudicate disputed claims.

L.D. 1783, Statement of Fact (118th Legis. 1997).

applied in any business context," and then discusses different businesses and industries that are regulated by the State.

The Law Court has considered the application of the UTPA exception in section 208(1) in one case, *First of Maine Commodities v. Dube*, 534 A.2d 1298 (Me. 1987). In *Dube*, the parties entered into a listing agreement whereby the plaintiff was to sell the defendant's property. *Id*. at 1299. Eventually plaintiff brought suit for breach of the listing agreement. *Id*. at 1300. Defendants counterclaimed arguing that the agreement was void because it violated the Maine Solicitation Sales Act and that because any violation of that Act constitutes a violation of the UTPA, they were entitled to equitable relief under the UTPA, including rescission of the contract and reasonable attorney's fees. *Id*. The Law Court rejected this argument based on the exception in section 208(1). *Id*. at 1301-02. The Court held that "[b]ecause by statute the Maine Real Estate Commission extensively regulates brokers' activities, including the execution of exclusive listing agreements, such activities fall outside the scope of Maine's Unfair Trade Practices Act . . . ." *Id*. at 1302. In reaching this conclusion, the Court noted that in *State v. Piedmont Funding Corp.*, 382 A.2d 819 (R.I. 1978), the Rhode Island Supreme Court found that insurance contracts are not covered by its Deceptive Trade Practices Act since that industry is governed by other state regulatory bodies. *Dube*, 534 A.d at 1302 n.3.

The United States District Court of Maine has had at least two opportunities to interpret section 208(1). In *Wyman v. Prime Discount Securities*, 819 F.Supp. 79 (D.Me. 1993), the Court held that the section 208(1) exception "operates to specifically

6

exempt securities transactions from coverage" under the UTPA. *Id* at 87. Reaching this conclusion, the Court noted that the "conduct issue . . . is clearly subject to both federal and state regulation. As such, it falls within the exemption provision of Maine's Unfair Trade Practices Act." *Id*. In *Keatinge v. Biddle*, 2000 WL 761015, *1 (D.Me. 2000), the Court summarily found that "[l]awyers are not subject to the Act because they are already extensively regulated under Maine law," noting various statutory provisions regulating attorney conduct.

These cases lead to only one conclusion: insurance companies' practices are exempt from the UTPA. The business of insurance is heavily regulated by the State of Maine. Title 24-A, the "Maine Insurance Code," has 85 separate chapters and fills almost two complete volumes of the Maine Revised Statutes Annotated. There is an entire department of State Government, the Insurance Bureau, devoted to regulating the business of insurance. 24-A M.R.S.A. § 200 (2000). The Superintendent of Insurance is the head of the Bureau and is charged with the duty of enforcing the provisions of Title 24-A. *Id*. §§ 201(1), 211. The conduct plaintiffs complain of in this civil action is specifically regulated by the Insurance Code. *See* 24-A M.R.S.A. § 2164-D (2000) (unfair claims practices); § 2463-A (unfair claims settlement practices). The court must grant Allstate's motion for summary judgment on count V because plaintiffs are precluded from bringing claims under the UTPA against an insurance company pursuant to 5 M.R.S.A. § 208(1) (1989).

7

For reasons herein stated, the entry will be:

Plaintiffs' motion for summary judgment on count I of the complaint is DENIED; defendant's motion for summary judgment on count IV of the complaint is GRANTED; plaintiffs' motion for summary judgment on count IV of the complaint is DENIED; defendant's motion for summary judgment on count V of the complaint is GRANTED; with the consent of the plaintiffs, counts II and III of plaintiffs' complaint are DISMISSED; judgment for the defendant on counts IV and V of plaintiffs' complaint.

Dated: March 12, 2001

Donald H. Marden
Justice, Superior Court

8

Date Filed __6/23/98__ _____Kennebec_____ Docket No. __CV98-162__
                                County

Action ____Contract____                                    **J. MARDEN**


Michael & Tina Lessard              vs.    Allstate Insurance Company
Plaintiff's Attorney                       Defendant's Attorney

  Sumner H. Lipman, Esq.                     Peter J. DeTroy, Esq.
  227 Water Street, PO Box 1051              415 Congress Street
  Augusta, Maine 04332                       P.O. Box 4600
                                             Portland, Maine 04112-4600

| Date of Entry | |
|---|---|
| 6/23/98 | Complaint with attached exhibit A, filed. s/Lipman, Esq. Pretrial Scheduling Statement and Jury Demand mailed to atty. |
| 7/6/98 | Complaint and Original Summons with return service made upon Allstate Insurance Company on 6/25/98   (filed on 7/2/98) |
| 7/31/98 | Answer and Counterclaim of Defendant, filed. s/DeTroy, Esq. |
| 8/7/98 | Answer to counterclaim filed.  s/Lipman,Esq. |
| 9/2/98 | Plaintiffs answer to defendants counterclaim filed.  s/McKee,Esq. |
| 11/12/98 | ORRDER FOR FAILURE TO FILE PRETRIAL SCHEDULING STATEMENT, Humphrey, J. (Dated 11/10/98) IT IS ORDERED that this case be dismissed with prejudice unless the pretria scheduling statement is filed within 15 days.  Sanctions in the amount of $50.00 are imposed against plaintiff's counsel.  This amount is to be paid to the clerk's office forthwith. Copies mailed to attys of record. |
| 11/18/98 ******** | Pretrial Scheduling Statement, filed. s/Lipman, Esq. Jury Trial Fee paid by Pltf. $50.00 sanctions fee paid by Pltf. |
| 11/23/98 | Notice of Discovery, filed. s/Lipman, Esq. Plaintiffs' Interrogatories Propounded to the Defendant served on Peter J. DeTroy, Esq. on 11/19/98 |
| 11/24/98 | EXPEDITED PRETRIAL ORDER, Humphrey, J. Discovery to be closed by 6/23/99.  This case will be placed on the jury trial list 30 days after close of discovery.  This Order is incorporated into the docket by reference at the specific direction of the court. Copies mailed to attys of record. |